## THE STATE v. JOHN CHENAULT, Appellant.

**Division Two, May 19, 1908.**

1. **INSTRUCTIONS: All Questions of Law.** Exceptions should be saved at the time of the giving of instructions to the failure of the court to instruct on all questions of law in the case.

2. **MOTION FOR NEW TRIAL: Subsequent Motion.** Where appellant filed two motions for a new trial, if the first was filed within four days after verdict, and the second was not, the second cannot be considered, either by the trial court or by the appellate court.

State v. Chenault.

3. **REMARKS OF COUNSEL: No Exceptions.** Unless the defendant asks the trial court to rebuke the prosecuting attorney for improper arguments and remarks made to the jury, and excepts to the court's action for its failure to do so, the propriety of such remarks or of such ruling, although objected to at the time, cannot be considered on appeal.

4. **WEIGHT OF EVIDENCE: Manslaughter.** It is the province of the jury to pass upon the weight of the evidence; and where there was ample evidence to take the case to the jury, under a valid information charging defendant with murder in the second degree, and they return a verdict of guilty of manslaughter in the second degree, under proper instructions, the Supreme Court will not interfere with their verdict.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*Herbert S. Hadley*, Attorney-General, and *Frank Blake*, Assistant Attorney-General, for the State.

(1) The information properly charges murder in the second degree, and is sufficient; it supports the verdict of manslaughter in the second degree. Sec. 1816, R. S. 1899; State v. Lowe, 93 Mo. 547; sec. 2369, R. S. 1899; Kelley, Crim. Law & Prac., sec. 503, p. 328. (2) At the trial, defendant objected to the giving of all the instructions and saved his exceptions. Objection was not made at the trial that the court failed to give all proper and needful instructions. If the court failed to instruct the jury upon all questions of law arising in the case, which were necessary for the information of the jury in giving their verdict, exceptions should have been saved at the time of such failure. State v. Cantlin, 118 Mo. 111. (3) The first motion for new trial filed, is the only one which can be considered by the court. According to the record, the verdict was rendered upon Saturday, April 13, 1907, at 12:15 a. m. Upon Wednesday, April 17, 1907, the first motion for new trial was filed. This was within

time. The amended motion for new trial was filed upon Friday, April 19, 1907. This amended motion for new trial not being filed within four days of the verdict, was filed too late and cannot be considered. Sec. 2689, R. S. 1899. (4) The motion for new trial does not properly save an exception to the action of the court in refusing to rebuke the prosecuting attorney on account of the remarks made by him in arguing the case before the jury. The only objections counsel made as to the remarks of the prosecuting attorney were (1) when reference was made to the wound on defendant's hand. Counsel for the defendant stated that there was "no evidence whatsoever about any other trial." The court answered by saying that the defendant himself answered the question. (2) The other objection made by counsel for the defendant was the remark made by Judge Raney that it is "about time to put a stop to the killings and murders in this country." Objection was made by counsel to this remark, but the bill of exceptions fails to show that he either asked the court to rebuke the prosecuting attorney for the remark, or saved an exception to the action of the court for failure so to do. Consequently, counsel is in no position to raise any question as to any of the remarks made by the prosecuting attorney. (5) The Supreme Court will not weigh evidence, where there is sufficient evidence, if believed by the jury, to justify their verdict of conviction. State v. Richmond, 186 Mo. 83; State v. Lorts, 186 Mo. 122.

BURGESS, J.—On January 15, 1907, the prosecuting attorney of Butler county, Missouri, filed an amended information in the circuit court of said county, charging the defendant with murder in the second degree, in having shot and killed, with a pistol, one John Hargrove, also known as John McCall. The case was first tried on January 23, 1907, when the jury disagreed and were discharged. The second trial occurred on

April 12, 1907, which resulted in the conviction of defendant of manslaughter in the second degree, his punishment being assessed at three years in the penitentiary. Defendant filed motions for a new trial and in arrest, which were overruled by the court, whereupon defendant appealed.

The testimony showed that on the afternoon of December 29, 1906, the defendant and deceased were in and around Wright's saloon in Poplar Bluff, Butler county, Missouri. The deceased was in the saloon, talking to a friend, and the defendant was outside talking to some one, and gesticulating and "making faces" at the deceased, who was looking at him through the glass door of the saloon. Deceased asked E. E. Fee, to whom he was talking, if he did not see the defendant making motions and nodding his head towards him. Fee said he did, but advised the deceased not to notice the defendant as he didn't amount to much. The deceased, however, stepped to the door and asked the defendant what he was making faces at him for. The defendant said he was not making faces at him, but that he was not afraid to do so. They began arguing about the matter, and each called the other a liar, other vile language being also used by both. The deceased walked towards the defendant, when the defendant backed away, reached for his revolver, which was seen by several witnesses, and told the deceased to keep off. Then the deceased turned and ran quickly into the saloon for a shot-gun of his which had been loaned by him to a hunter and which had been left at the saloon for him a few days before. In the meantime, the defendant went into an alley on one side of the saloon, and crouched down on the lower steps of a stairway which led up to the second story of a building immediately across the alley from the saloon. The deceased came out the side door of the saloon, with the gun in his hands, but he was immediately stopped by one D. H. Black, who tried to take the gun away from him and

prevent him from firing at the defendant.  Black testified that just as the deceased was making an effort to fire, he struck the gun up with his hand.  The gun went off, and the shot took effect in the wall of the house a few feet above the head of the defendant. Other witnesses testified, however, that the deceased fired the shot before Black got to him.  The distance between the deceased and the defendant at the time was about twenty-five or thirty feet.  Several bystanders took hold of the deceased and prevented him from doing anything further.  Just after the shot was fired the defendant left the stairway, and ran towards and shot at the deceased.  Several witnesses testified that the deceased was being held at the time the defendant shot.  The first shot not having taken effect, the defendant reached over the shoulders of one of the men who had hold of the deceased, and placing the pistol close to the body of the deceased, fired a second shot, which caused the death of the deceased.  Dr. Greene, who made a post-mortem examination of the deceased, testified that the wound made by the bullet was on the left side, between the first and second ribs, and ranged downwards.  He noticed some gunpowder on the lips of the deceased.  There was evidence to the effect that the defendant, on the day of the difficulty, had made threats against the deceased, and that, some time before, the deceased had made threats against the defendant.  The defendant testified that one of the shots from the shot-gun had struck him in the wrist, but he also said that he did not so testify at the first trial of the case.

While the defendant is not represented in this court, we have carefully examined the record and shall pass upon such questions presented therein as seem to demand consideration.

The information charges the defendant with murder in the second degree, and is correct; and it also contains all necessary allegations for manslaughter in

the second degree. [Sec. 2369, R. S. 1899; Kelley's Crim. Law and Prac., sec. 503.]

The defendant objected to all the instructions given by the court, and saved his exceptions to the action of the court in disregarding his objections, but made no complaint at the time of the failure of the court to give all proper and necessary instructions. In State v. Cantlin, 118 Mo. l. c. 111, it is said: "If the court did fail to instruct the jury upon all questions of law arising in the case, which were necessary for the information of the jury in giving their verdict, exceptions should have been saved *at the time such failure occurred.*"

While the defendant filed two motions for a new trial, only the first one filed can be considered, as it was the only one filed within four days after the verdict. [State v. Brown, 206 Mo. 501.]

It is asserted in the motion for new trial that "the court erred in permitting the attorney who represented the State, in his closing argument, to argue on facts, prejudicial to the defendant, things which had not been proven to the jury, and would have been incompetent if offered," and "in not correcting or reprimanding the counsel for the State when he was making said improper statements or argument, when the defendant objected thereto, and in not in any way informing the jury to disregard such statements when considering of their verdict." But this point must fail the defendant, as the record does not show that defendant either asked the court to rebuke the prosecuting attorney for any improper remarks made by him, or excepted to the court's action in failing to do so. [Champagne v. Hamey, 189 Mo. 709; State v. Valle, 196 Mo. 29; Estes v. Railroad, 111 Mo. App. 1; State v. Mc-Carver, 194 Mo. 717.]

There was ample evidence to take the case to the jury, whose province it was to pass upon its weight,

and they having found the defendant guilty thereunder, this court will not interfere.

The judgment is affirmed. All concur.