# THE STATE v. CHARLIE PFEIFER, alias CHARLES N. PETERS, Appellant.

### Division Two, Febuary 15, 1916.

1. **SODOMY: Covered by Statutes, Etc.** Notwithstanding section 4725, Revised Statutes 1909, was repealed and re-enacted, with an amendment, in 1911, the crime of sodomy may be committed by a man by inserting his sexual organ in the mouth of a woman.

2. **EVIDENCE OF OTHER CRIMES: Res Gestae.** Where the information charges sodomy *per os* it is not error to admit evidence tending to show sodomy *per anum* where the proof shows both acts were so connected as to show both were parts of the *res gestae*.

3. ————: ————: **Restricted by Instruction: No Exception.** Nor can an assignment that an instruction should have been given at the trial restricting the evidence of the crime not charged be considered on appeal where no exception was sayed to the giving or refusal of any instruction, or to the giving of the whole instructions.

4. ————: ————: ————: **Not Required.** And where the two crimes are parts of the *res gestae*, and testimony tending to prove that one not charged is therefore admissible, no instruction as to the evidentiary weight of the testimony or the purpose for which it may be considered is required.

5. **DEFENDANT: Cross-Examination.** In view of the plain wording of the statute (Sec. 5242, R. S. 1909) forbidding them, questions asked defendant in cross-examination upon matters neither touched upon nor growing out of his examination in chief, are presumed to be prejudicial error, unless the contrary is made to appear; and where he is compelled to state all his movements the night of the crime, his acquaintanceship with two other persons who had committed a crime against the same woman two hours before he and they are charged with having committed a similar crime against her, and whether or not he and they had been companions since their school days and frequenters of the same saloon—all matters not touched upon in his examination in chief and brought out for the purpose of corroborating a police officer—the questions were not only unwarranted but were prejudicial.

6. ————: ————: **One Law for Innocent and Guilty.** There can be but one law for the trial of the innocent and guilty; and

State v. Pfeifer.

notwithstanding the court may be of the opinion that the evidence is sufficient to warrant a verdict of guilty, a plain statute forbidding the cross-examination of a defendant concerning matters wholly outside his examination in chief must be applied to all defendants alike. The Constitution has not ordained that apparent guilt is the sole condition of affirmance by the Supreme Court of a verdict of guilty.

Appeal from St. Louis City Circuit Court.—*Hon. W. T. Jones,* Judge.

REVERSED AND REMANDED.

*Paeben & Friday* for appellant.

(1) Section 4725, R. S. 1909, was repealed and reenacted by the General Assembly in 1911 (see Laws 1911, p. 198). The amendment of 1911 does not make the act set out in the information, nor testified to in the evidence, a crime. The act charged did not constitute an offense at common law nor does it constitute an offense under the statute. Since the statutes of Missouri do not undertake to define the meaning of the phrase, "The abominable and detestable crime against nature," but merely prescribe a punishment, we must go to the common law to ascertain the meaning of the words used. 12 Cyc. 141; State v. Rader, 262 Mo. 129; 8 Am. & Eng. Ency. Law, 276; Brandon v. Carter, 119 Mo. 572; State v. Hartley, 185 Mo. 669; Sec. 8047, R. S. 1909; United States v. Freight Assn., 58 Fed. 58; Ex parte Vincent, 26 Ala. 145; Commonwealth v. Chapman, 13 Metcf. (Mass.) 68; State v. Cowley, 67 Vt. 322. (2) At common law the phrase "The abominable and detestable crime against nature" was clearly defined. It was sodomy when committed with mankind and buggery or bestiality when committed with an animal. The act described in the information and referred to in the testimony in the case was neither of these offenses. The use of the mouth does not constitute sodomy. The act must be *per anum.* Bishop's Crim. Law, secs. 1191-

1196; Ausman v. Veal, 10 Ind. 356; People v. Boyle, 116 Cal. 658; Prindle v. State, 31 Tex. Crim. 551; Wharton on Crimes, secs. 575-579; Russell on Crimes, 937; Commonwealth v. Poindexter, 133 Ky. 720; McLean's Crim. Law, 1153; Davis v. Brown, 29 Ohio St. 326; Estes v. Carter, 10 Iowa, 400; Kinnan v. State, 125 N. W. (Neb.) 594. (3) The testimony of Dr. A. C. Vickery over the repeated objections of the defendant as to the physical condition of the rectum and vagina of the prosecuting witness was clearly inadmissible and could serve no other purpose than the purpose of inflaming the minds of the jury against the defendant. Evidence of other crimes committed by the defendant are clearly inadmissible. Here we have testimony of a crime not committed by the defendant, but by some other person with which the defendant is not in the remotest manner connected by participation, conspiracy or otherwise. Even the attorney for the State said that the purpose of this testimony should be covered by an instruction which the court failed to give. State v. Hyde, 234 Mo. 200; State v. Myers, 174 Mo. 352; State v. Weaver, 165 Mo. 1; State v. Faulkner, 175 Mo. 546; State v. Spray, 174 Mo. 569; R. S. 1909, sec. 5231; State v. Taylor, 118 Mo. 171. (4) The State was permitted on cross-examination, in spite of repeated objection thereto, to examine the defendant touching matters not brought out on the examination in chief. R. S. 1909, sec. 5242; State v. McGraw, 74 Mo. 573; State v. Porter, 75 Mo. 171; State v. Palmer, 88 Mo. 568; State v. Graves, 95 Mo. 510; State v. James, 216 Mo. 404. (5) The State's attorney was allowed over the objection of the defendant to comment in his address to the jury on matters regarding which the defendant did not testify, and in regard to the flight of the defendant regarding which there was no testimony. State v. James, 216 Mo. 405; State v. Fairlamb, 121 Mo. 150.

*John T. Barker*, Attorney-General, and *Lee B. Ewing*, Assistant Attorney-General, for the State.

(1) The information charges a felony under the statute (Laws 1911, p. 198) and is sufficient. State v. Katz, 266 Mo. 493; State v. Wellman, 253 Mo. 311; State v. Kelly, 192 Ill. 119; State v. Honsleman, 168 Ill. 172; State v. Means, 125 Wis. 650. (2) No objection was made to the instructions given. No instructions were refused. Therefore, the only question, relative to the instructions, that this court will review is whether or not they cover all the law of the case. State v. Douglas, 258 Mo. 281. The given instructions fully cover every issue in the case. (3) There was no reversible error in the trial court's rulings upon the admission of testimony. The testimony as to the physical condition of prosecutrix, as shown by the examination of the dispensary physician, Dr. Vickery, was admissible. Kelly's Crim. L. & Pr., sec. 541; State v. Scott, 172 Mo. 536; State v. Murphy, 118 Mo. 7; State v. Reed, 237 Mo. 224; State v. Mathews, 98 Mo. 128; State v. Fields, 234 Mo. 626; State v. McKinney, 254 Mo. 453. In the cross-examination of accused, there was no prejudicial error. (a) It was legal cross-examination. State v. Keener, 225 Mo. 500; State v. Donnington, 246 Mo. 354; State v. Eisenhour, 132 Mo. 148; State v. Harvey, 131 Mo. 345; State v. Benning, 91 Mo. 85; State v. Cunningham, 154 Mo. 174; State v. Foley, 247 Mo. 638; State v. Myers, 221 Mo. 598; State v. Miller, 156 Mo. 76. (b) Even if held to be erroneous, this cross-examination was not prejudicial to accused, and, therefore, not reversible error. State v. Baldwin, 247 Mo. 635; State v. Corrigan, 262 Mo. 209; State v. Barrington, 198 Mo. 81; State v. Brooks, 92 Mo. 582.

FARIS, P. J.—Defendant appeals from a conviction in the circuit court of the city of St. Louis on the charge of sodomy, and a resulting sentence in accord-

ance with the verdict to imprisonment in the penitentiary for a term of two years.

The case is a companion case to that of State v. Katz, decided at this term, and officially reported in 266 Mo. 493. The facts and the acts of defendant here were the same as the facts and the acts of defendant Katz in the case supra. They transpired at the same time and place and were perpetrated upon the identical victim, one Mary Emmenegger. The only difference in the cases is that defendant here did not appear upon the scene or take part in the commission of the acts alleged till after Mary Emmenegger had been in the hands of Katz and his confederates for some two hours or more, and until she had been taken to the rear of a certain building mentioned in the Katz case and called the old Cherokee Brewery. Thereupon and at that place defendant appeared and said to her that he was the head of these detectives, the boss over them, and that she would have to submit to the same things from him that she had submitted to from the others. Then the four of them, to-wit, Katz, Long, Gausmann and this defendant took her to a point in the rear of the old brewery where defendant assaulted her and thrust his private male organ into her mouth; the latter act constituting the phase of alleged sodomy charged and here relied on.

The facts are inexpressibly filthy, and since they have been set out already, another cumbering of the books with their abysmal obscenity would subserve no useful purpose. The more so, since regard being had to the nature of the errors urged, it is obvious that a solution of them is to no substantial extent dependent upon the intimate details of defendant's attack upon the prosecuting witness. If, however, these details be found necessary to an understanding of the points, they may be read in the Katz case.

I. The point is made that neither the information charges, nor the facts show, that defendant committed

any crime known to the laws of this State. These con-

**Sodomy.** tentions are both bottomed on the assumption that since section 4726, Revised Statutes 1909 (which was repealed and re-enacted in 1911, with an amendment, Laws 1911, p. 198), *dehors* such amendment, refers us to the common law for a definition of sodomy, the amendment in question added nothing to it, and was in fact utterly nugatory. In short, that it is yet legally impossible, the statute to the contrary notwithstanding, to commit the crime of sodomy in the manner charged and proved in this case. These contentions have been ruled against defendant in the case of State v. Katz, supra, and with the holding on this point in that case we are content.

II. It is also strenuously urged that by the testimony of Dr. Vickery incompetent and hurtful evidence touching the physical condition of the prosecuting witness's private parts came into the

**Evidence of Other Crimes.** case. This upon the theory that since the charge here is sodomy perpetrated *per os*, testimony showing, or tending to show a rape and sodomy *per anum*, showed other crimes and was therefore prejudicial and inadmissible. In this contention learned counsel loses sight of the fact that while the testimony so bitterly complained of may have tended to show rape, and other acts of sodomy, *ergo*, another sodomitical crime, yet the proof also showed that all of these acts and things were parts of the *res gestae* and admissible as such, regardless of the fact that defendant may have been hurt by testimony concerning them. [State v. Anderson, 252 Mo. 83.] This was his misfortune, for which he and not the State is at fault. He should see to it that he commits but one felony at a time. We disallow this contention so far as regards the phase of it set forth above.

Upon the alleged error bottomed upon the contention that an instruction ought to have been given re-

stricting the purposes of this evidence of other crimes, it is sufficient to say that under the condition of this record we are not permitted to review any error based upon the instructions, since no exception is anywhere taken or saved to the giving of or refusal to give any instructions in the case, or to the giving of the whole of the instructions. [State v. Vinso, 171 Mo. 576; State v. Eaton, 191 Mo. 151; State v. Urspruch, 191 Mo. 43; State v. Welch, 191 Mo. 179; State v. Dilts, 191 Mo. 665; State v. King, 194 Mo. 474; State v. McCarver, 194 Mo. 717; State v. Maupin, 196 Mo. 164; State v. Delcore, 199 Mo. 228; State v. Beverly, 201 Mo. 550; State v. Yandell, 201 Mo. 646; State v. Chenault, 212 Mo. 132; State v. George, 214 Mo. 262; State v. Sassaman, 214 Mo. 695; State v. Rhodes, 220 Mo. 9; State v. Nelson, 225 Mo. 551; State v. Kretschmar, 232 Mo. 29; State v. Stevens, 242 Mo. 439; State v. Sykes, 248 Mo. 708; State v. Patrick, 107 Mo. 147; State v. Gordon, 196 Mo. 185; State v. Tucker, 232 Mo. 1; State v. Morgan, 196 Mo. 177; State v. Harris, 199 Mo. 716.] Another answer is that heretofore given, viz., that the evidence was a part of the *res gestae*, and for this reason, and since it fell naturally among the facts, no instruction as to its evidentiary weight or purpose was required to be given. If it had not been a part of the *res gestae* its admission would have been an error in this sort of case, which no instruction could have cured, present proper preservation of the point. What we here say as to lack of exceptions, also disposes of all assignments of error bottomed in any wise upon the instructions given, or which the court failed or refused to give.

III. Complaint is made that, over the objections of defendant, counsel for the State was permitted to comment upon the fact that defendant did not testify Comment on touching certain mentioned matters while Defendant's he was on the stand. This assignment is Failure to Testify. not borne out by the record. An objection, it is true, was made by counsel for defendant to a part

of the argument of the State before the jury, on this alleged ground, but the trial court then ruled—correctly as is plain upon the record—that what was said by counsel for the State did not have reference in any wise to any failure of the defendant to cover any fact in his testimony. So we need not now consider whether the cases cited to us by the defendant were, or were not, correctly overruled in State v. Larkin, 250 Mo. 218.

IV. Which brings us to a consideration of the one serious point in the case, to-wit, whether the court erred in permitting the State, over the objections of defendant, repeatedly to ask defendant ques-

**Cross-Examination of Defendant.** tions on cross-examination upon matters not touched upon in, or growing out of, his examination in chief. The record bears out this complaint of defendant fully, and discloses a cross-examination of defendant which, standing alone, is utterly inexcusable.

The examination of defendant in chief consisted of three questions: He was asked his name, his age and whether he had committed the specific offense charged in the information. Answering, he gave his name as Charles H. Pfeifer, his age at 29 years and he denied he had committed the crime charged. This was all. In cross-examination the State asked him forty-six questions outside of his examination in chief, among others, for example, (a) where he was on the night the assault was made on the prosecuting witness, (b) where he was at four o'clock of the morning following that assault, (c) where and when he went to bed, (d) at what places he had been and with whom, and whom he saw that night, (e) whether he knew Katz, Gaussman and Long, (f) how long he had known them, and (g) whether he had seen them on the night in question, and (h) whether he was not known by the name of Charles H. Peters (the *alias* contained in the information) and also whether he was not known by the name of "Cockey."

It is not contended that any of this cross-examination was directly responsive to anything defendant said in his examination in chief. It is urged in excuse of it that the State is not to be confined in its cross-examination of an accused person on trial to a mere categorical reiteration of the examination in chief, and besides, regardless of the violation of the statutory rule forbidding such cross-examination (Sec. 5242, R. S. 1909), defendant was not hurt by any part of it in the case at bar. On these two propositions we are cited to the cases of State v. Keener, 225 Mo. l. c. 500; State v. Corrigan, 262 Mo. 195; State v. Barrington, 198 Mo. l. c. 81; State v. Brooks, 92 Mo. l. c. 582; State v. Miller, 156 Mo. 76; State v. Myers, 221 Mo. 598; State v. Foley, 247 Mo. l. c. 638; State v. Cunningham, 154 Mo. l. c. 174; State v. Berning, 91 Mo. l. c. 85; State v. Harvey, 131 Mo. l. c. 345; State v. Eisenhour, 132 Mo. l. c. 148; and State v. Donnington, 246 Mo. l. c. 354. These cases furnish, it may be, under the facts existing here, ample authority to excuse the asking of all questions except those having reference to whether he knew Katz and Gaussman, how long he had known them, and *seriatim* as to his movements after defendant left his own witness, Smitters. If the statute is to be regarded, these questions are inexcusable and are reversible error. [State v. Grant, 144 Mo. 56; State v. Hathhorn, 166 Mo. 239; State v. Hudspeth, 150 Mo. l. c. 31; State v. Bell, 212 Mo. 111; State v. Cook, 112 S. W. l. c. 712; State v. Sharp, 233 Mo. l. c. 284.] It is impossible to say upon the facts that these questions and answers did not hurt defendant. The other forty-three may be excused by the authorities cited above and by others not cited; at least we may so concede for the purposes of this case. But where a plain statute forbids such cross-examination, hurtful error is to be presumed, from a failure to observe that statute, unless the contrary clearly appears. Under the facts here, *when it had been shown by the testimony and not denied,* that for some two

hours or more said Katz, Gaussman and Long had held prosecutrix in custody and brutally assaulted, maltreated and mistreated her in the precise way defendant is here charged with doing, and when other testimony in the case put defendant within less than four hundred feet of the place of the occurrence of the said acts done by Katz and others about the time these acts were happening, it cannot be excused as harmless error, that defendant, *dehors* his examination in chief, is forced to corroborate Officer McCullough and to admit his meeting McCullough at the point the latter had already testified to having met him. Neither can it be called innocuous error that he was compelled to admit an acquaintance with said Katz and Gaussman extending over a period which began in their school-days, and that the three were all frequenters of his father's saloon, in the light of the heinous acts of these parties as this record then showed these acts without a syllable of contradiction. So, not only does it not clearly appear that these unwarranted questions and answers did not hurt defendant, but *per contra,* it clearly appears that they did prejudice him.

It is urged that defendant may not simply deny his acts and then refuse to go into details to contradict his denial when the State cross-examines him, and that that is what is meant in State v. Miller, supra, where it is substantially said that the State is not to be confined to a categorical reiteration of defendant's examination in chief. But, even a departure from categorical reiteration does not comport a latitude as broad as the entire case, as was here present. Moreover, such an argument palpably begs the question and assumes the guilt of defendant, instead of proving his guilt, as the object of a trial is. For, if defendant were perchance innocent, the moment he says he did not commit the offense with which he is charged, and the moment he says he did not see the prosecutrix at all that night, he has

told all he knows about the case. To assume that he is falsifying and that he does know more, is to assume his guilt and beg the question, and to an extent compel him to convict himself. Such procedure and such assumption, aside from the statute supra, may be logically excusable in trying a guilty man, but not even excusable in logic in trying an innocent one. There can be but one law, if we are to hold fast to and retain any stable rules of law at all, by which to try both the guilty and the innocent. Defendant may be guilty; we think the record shows he is, and that the evidence is amply sufficient to warrant the verdict of the jury. But notwithstanding this the law guarantees to him the same kind of a trial an innocent person gets, and till such time as the Legislature and those who make State Constitutions shall see fit to ordain that apparent guilt is the sole condition precedent to an affirmance here, it will continue to be our duty to see to it that he and others similarly situated get this kind of a trial.

For the manifold errors in going outside of the statutory prohibition in cross-examining defendant, this case must be reversed and remanded for a new trial. Let this be done. All concur.