THE STATE v. ROLLIE (RILEY) NICHOLSON, Appellant.—87 S. W. (2d) 425.

Division Two, November 5, 1935.

*Byron Kearbey* and *Lawrence E. Tedrick* for appellant.

*Roy McKittrick*, Attorney General, and *Russell C. Stone*, Assistant Attorney General, for respondent.

TIPTON, P. J.—An information was filed in the Circuit Court of Dunklin County, Missouri, charging the appellant and others with robbery in the first degree with a dangerous and deadly weapon. On change of venue the case was sent to Stoddard County, where appellant was convicted and his punishment assessed at twenty-five years' imprisonment in the State penitentiary. From this sentence he has duly appealed to this court.

The evidence tended to show that during the month of October, 1933, Dee McMunn, the prosecuting witness, operated a money exchange at Senath, Missouri, for Irl, Byron and Langdon R. Jones. It was the custom of Dee McMunn to go each morning from Kennett, Missouri, to Senath, with sums of money varying to $10,000. At about seven-thirty o'clock the morning of October 28, 1933, he started from Kennett to Senath with $4295. Shortly before he reached Senath, the car in which he was riding was forced off the road by another car which was occupied by two men. After this car had stopped, one of the occupants of the other car, whom he later learned to be Jap Brooks, compelled him to raise his hands. While pointing

a gun at him, Jap Brooks reached into the car and took the money from behind the seat and handed it to Elmer Craft, the other occupant of the car. Craft drove away with the money. Brooks then got into the car with McMunn and compelled him to drive down a dirt road about three miles from the scene of the robbery. At this place Brooks compelled McMunn to get out of the car and warned him to remain there for an hour. Shortly after Brooks had driven away, McMunn reported the robbery to Irl Jones, president of the Cotton Exchange Bank, at Kennett.

Shortly thereafter, the car which was used in the robbery was found abandoned in the vicinity of Senath, Missouri. A few days prior to the robbery this car had been purchased by the appellant in Poplar Bluff, Missouri. About a week after the robbery the appellant was arrested.

The appellant made a confession to the officers and others in which he said that he, Tom Craft, Elmer Craft, D. G. Doherty and Jap Brooks conspired with each other to commit the robbery, and that he purchased the car that was used in the robbery. The confession also stated that he received $1190 from the proceeds of the robbery.

The only assignment of error that the appellant makes is that his cross-examination was improper, in that he was cross-examined on subjects not brought out in his examination in chief. Appellant's testimony in chief is as follows:

"Q. State your name to the jury. A. Rollie Nicholson.

"Q. Are you one of the defendants? A. Yes, sir.

"Q. Rollie, this car that you bought for Green Craft, tell the jury whether you knew at the time you bought it that the car was to be used in a robbery or attempted robbery? A. I did not.

"Q. Were you present at the time and place in Dunklin County when this money was taken from Dee McMunn? A. I was not."

Section 3692, Revised Statutes 1929, provides that the defendant in a criminal case may testify in his own behalf, and further provides that "no person on trial . . . shall be required to testify, but any such person may, at the option of defendant, testify in his behalf, . . . and shall be liable to cross-examination, as to any matter referred to in his examination in chief, and be contradicted and impeached as any other witness in the case. . . ."

Respondent contends that it is not confined to a mere categorical review of the issues tendered by the question asked on direct examination. To this we agree; State v. Miller. 156 Mo. 76, 56 S. W. 907; State v. Keener, 225 Mo. 488, 125 S. W. 747.

"It is urged that defendant may not simply deny his acts, and then refuse to go into details to contradict his denial when the State cross-examines him, and that this is what is meant in State v. Miller, supra, where it is substantially said that the State is not to be confined to a categorical reiteration of defendant's examination in chief.

But even a departure from categorical reiteration does not comport a latitude as broad as the entire case, as was here present." [State v. Pfeifer, 183 S. W. 337, 267 Mo. 23.]

The cross-examination in the case at bar consisted of eleven pages of the bill of exceptions. It covers the entire case. For instance, he was asked, "Well, you got some of the money, didn't you?" This in itself would not call for a reversal of the case, but appellant was asked if Craft did not give him some of the money at Kennett, Saturday night. When under the State's theory, the robbery took place at a different place than Kennett. He was also required to tell the route he took when he returned to Poplar Bluff; that he hid some of the money in the woods, and why he took "it in the woods if he did not know where it came from," which place was about eighteen miles from his home. He was required to tell about the division of the money and about a conversation with a man by the name of Doherty, in which he was required to tell that he had been asked to commit a robbery for Doherty October 14, 1933. He denied that he had any conversation with Doherty in regard to the robbery for which he was on trial, and that the reason he did not commit the robbery on October 14th, was because he had been in trouble before and did not want to get in trouble again. In speaking of that robbery he was required to state that Doherty told him that there was about $7500 in that "job." Also, if that "job were pulled" neither of the men robbed would carry a gun. He was asked about his purported confession.

We think the law is well settled, that if a defendant takes the stand, he may be fully cross-examined on the subjects on which he was examined in his direct examination, but on no other subject. In the case at bar, the appellant's examination should have been limited to whether or not the appellant at the time knew that the car he bought was to be used in a robbery and if he was present when the robbery took place. We have briefly outlined part of his cross-examination, and have concluded that the cross-examination was not limited to the two subjects that were open upon direct examination. Neither of these questions could possibly open any inquiry as to what happened after the robbery, nor his agreeing with Doherty to commit a robbery on October 14th; his going to Kennett the night of the robbery; how the money was divided; nor the fact that he hid the money in the woods.

The respondent urges that objections were not made to all the questions asked the appellant. This is true, but each time he was examined on a new subject an objection was made. For instance, there was an objection made to the question about the money that the appellant received; the division of the money; the conversation he had with Doherty and the planning of the robbery that was supposed to have been executed October 14th and about the robbery for

which the appellant was on trial. Moreover, a motion was made to strike out the conversation with Doherty and another such motion was made to strike out all the evidence pertaining to the division of the money. These motions were denied. We think the record is sufficient to preserve the objection for our review. [State v. Goldfeder, 242 S. W. 403; State v. Mardino, 268 S. W. 48; State v. Sanford, 297 S. W. 73, 317 Mo. 865.]

"Defendant may be guilty; we think the record shows he is, and that the evidence is amply sufficient to warrant the verdict of the jury. But, notwithstanding this, the law guarantees to him the same kind of a trial that an innocent person gets, and till such time as the Legislature and those who make state Constitutions shall see fit to ordain that apparent guilt is the sole condition precedent to an affirmance here, it will be our duty to see to it that he and others similarly situated get this kind of a trial." [State v. Pfeifer, supra.]

For the errors in going outside the statutory prohibition in cross-examining the appellant, the judgment must be reversed and remanded for a new trial. It is so ordered. All concur.