STATE OF MISSOURI, Respondent, v. NORMAN LEON BRYANT, Appellant, No. 42042—234 S. W. (2d) 584.

Division Two, November 13, 1950.

Rehearing Denied, December 11, 1950.

*Clayton W. Allen* and *J. M. Gerlash* for appellant; *Charles M. Cassel* of counsel.

*J. E. Taylor*, Attorney General, and *David Donnelly*, Assistant Attorney General, for respondent.

[584]  WESTHUES, C.—Appellant Bryant was convicted in the Circuit Court of Atchison County, Missouri, on a charge of statutory rape.  His punishment was fixed at eight years' imprisonment in the State Penitentiary.  From the sentence imposed, he appealed.

The evidence revealed that the prosecutrix, Emma Lois Oslin, was at the time of the alleged offense thirteen years of age.  She is a sister of the wife of the defendant.  In March, 1947, the defendant and [585] his wife moved to the Bryant home where defendant worked on the farm operated by Oslin, the father of the prosecutrix and defendant's wife.  In the evenings the defendant and the prosecutrix did chores such as milking and feeding in and near the barn.  Prosecutrix testified that on various occasions while she and defendant were at the barn, he had sexual intercourse, with her resulting in her becoming pregnant.  A child was born on December 23, 1947.

The defendant denied that he had ever had intercourse with the prosecutrix.  The wife of the defendant testified that prosecutrix informed her that she was pregnant about June, 1947.  She further testified that prosecutrix told her on various occasions that the defendant was not the father of the child.  The prosecutrix admitted that she told her sister the defendant was not guilty but she explained that she had promised the defendant she would not tell on him if he would behave himself, not get drunk, and be true to his wife.

She added that the defendant had not kept his promise. It was also shown in evidence that the prosecutrix had kept company with one or two young men about March and April, 1947. We do not deem it necessary to detail the evidence further since it is evident that the State produced substantial evidence to sustain the conviction and that the demurrer to the evidence was properly overruled. 52 C. J. 1099, Sec. 133; State v. Tevis, 234 Mo. 276, 136 S. W. 339, 1. c. 341 (6); State v. Clark, 353 Mo. 470, 182 S. W. (2d) 619, 1. c. 623 (7).

The defendant assigned error because the trial court refused to quash the jury panel after one of the jurors on voir dire examination stated he would believe the testimony of Oslin, the father of the prosecutrix. This juror was excused by the trial court. The record shows the following to have occurred while this juror was being questioned: "Q. *. * * In the event that Mr. and Mrs. Oslin will testify in the case, would that make any difference with you?" Mr. Griffin: "Well, I would give more weight to their testimony." The juror was examined further without objection even though the juror had definitely indicated what his answers would be. After further examination by defendant's attorney, the juror was excused. In the circumstances the trial court would not have been justified in discharging the whole panel. The defendant cited 50 C. J. S. 1052, Sec. 275e as authority. The rule there stated is that it is improper to question prospective jurors as to the credibility of witnesses who may be called. The record here shows that the defendant did not object until after the juror had been asked and had answered a number of questions regarding the matter of the credibility of a certain witness in the case. He cannot now complain. We are ruling against the defendant because he did not make 'timely objection. We are not ruling on the question of the propriety of the questioning.

The defendant says that the prosecuting attorney was allowed to cross-examine on matters not covered by the direct examination. In the defendant's direct examination, while limited, he denied having committed the offense. He was asked about certain statements alleged to have been made to him by the prosecutrix and whether he had made statements to her regarding the taking of medicine and consulting a doctor about her condition. Defendant stated that he did not move to his father-in-law's place until after March 21. This was on the theory that he could not have been the father of the child. In examining the record where objections were made to the cross-examination, we find the following: The time of the trial was over two years after the alleged offense was committed. The prosecutor examined the defendant as to his memory about the date he moved to his father-in-law's place. He then asked, "During all of the time that you were away from here, working up

there in Detroit—.'' At this point the defendant objected and the court overruled the objection. However, the prosecutor did not further examine defendant on this subject, but asked how he fixed March 21 as the date he moved. So, even if the trial court erred in his ruling, the question objected to was not finished or answered. He was asked about consulting a doctor. This was objected to but the record shows [586] the defendant on direct examination testified with reference to consulting a doctor. Defendant also denied on direct examination that he had discussed with the prosecutrix the matter of pregnancy. Therefore, this was a proper subject for cross-examination. State v. Nicholson, 337 Mo. 998, 87 S. W. (2d) 425, 426 (1, 2). Defendant was asked whether he had told Mr. and Mrs. Worth Manley Thompson that he had had sexual relations with Lois Oslin. The defendant answered he had not. Defendant's attorney then objected and the objection was overruled. No motion to strike the evidence was made. No ruling of the court was preserved for review. State v. Cain, 37 S. W. (2d) 416, l. c. 418; State v. Matkins, 326 Mo. 1072, 34 S. W. (2d) 1, l. c. 5 (8).

During the closing argument by the prosecutor he made reference to the child which was then nineteen months old. The record is not clear on this point but the defendant claims that the prosecutor asked the jurors to compare the child with the defendant. This is assigned as error. There is much conflict in the cases from various states on this question. In some states the rule is that the child cannot be referred to for the purpose of comparing it with the defendant. In other states it is ruled that the child may be held by its mother while the mother is testifying so long as the jury's attention is not called to it in any way. Again in other states it is permissible to exhibit the child for the purpose of comparison. Our state will be found in the latter class. See State v. Palmberg, 199 Mo. 233, 97 S. W. 566, l. c. 572. The weight of authority seems to favor the rule of permitting the child to be exhibited to the jury for the purpose of comparison. The cases pro and con may be found in 10 C. J. S. 184, Sec. 102; 7 C. J. 993, Sec. 125; and 52 C. J. 1077, Sec. 107. We see no good reason to depart from the ruling in the Palmberg case. The probative value of a comparison of a child with the defendant who is charged with being its father is debatable. In certain circumstances a comparison may have some value as evidence for the state. In other circumstances such comparison may be favorable to the defendant. Again in some circumstances such a comparison may not be of any value to a jury in deciding the question of parentage. We cannot say as a matter of law that a comparison is or is not of any probative force. In any event it would be only a circumstance to be considered by the jury.

There was evidence that the defendant left his work at the farm and when a warrant for his arrest was issued he could not be

found. After some months he was located in Detroit, Michigan, where he was employed under an assumed name. Defendant while on the witness stand was not questioned as to the reason he left nor did he explain why he went by another name.

The trial court gave an instruction on flight. Defendant in his motion for new trial made the following assignment of error as to this instruction:

"11.

"The Court erred in giving Instruction #2 offered by the State for the reason that said instruction was a comment on the evidence and gave undue prominence to part of the evidence and did not properly instruct the jury on the defendant's theory of the case."

The instruction told the jury that if the defendant fled for the purpose of avoiding arrest and trial for the offense "you may take this fact into consideration in determining his guilt or innocence." The defendant's complaint cannot be sustained. Such instructions have been held not to be a comment on the evidence or invading the province of a jury. In State v. Jordan, 306 Mo. 3, 268 S. W. 64, 1. c. 70 (3), this court en banc said: "The mere fact that the instruction deals with flight does not make it a comment on the evidence as that word is used in the statute." See also 23 C. J. S. 724, Sec. 1185. The defendant has cited the case of State v. Duncan, 336 Mo. 600, 80 S. W. (2d) 147. However, the facts proven in the Duncan case were not like the facts proven in this case. Furthermore, the motion for new trial did not specify as error the point that was decided in the Duncan case, 80 S. W. (2d) 1. c. 153 (14). The assignment of [587] error does not specify wherein the instruction is defective in not submitting the defendant's theory of the case. The instruction required the jury to find that the defendant fled for the purpose of avoiding arrest for the offense before such fact could be considered. Defendant made no explanation and the assignment of error in this respect preserved nothing for review.

In the defendant's last assignment of error he complained that the trial court erred in giving instruction No. 1 for the reason that the instruction did not submit defendant's theory that someone else was the father of the child. To convict the defendant the jury was by the instruction required to find beyond a reasonable doubt that the defendant had carnal knowledge of prosecutrix. The instruction also required the jury to find before a conviction was authorized all the other elements of the offense. It was not necessary for the court to include in the instruction that the defendant was or was not the father of the child. That was not a necessary element of the offense.

325

Finding no reversible error in the record, the judgment is affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.