**STATE of Missouri, Respondent,**

**v.**

**Ray James RENNERT, Appellant.**

**No. 58065.**

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1974.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

Hill, McMullin & Wilson, Kansas City, for appellant.

HIGGINS, Commissioner.

Ray James Rennert was convicted by a jury of murder, first degree. His punishment was assessed at life imprisonment, and sentence and judgment were rendered accordingly. § 559.010, RSMo 1969, V.A.M.S. (Appeal taken August 3, 1972; jurisdiction retained pursuant to order April 9, 1973.)

Appellant does not question the sufficiency of evidence to sustain his conviction; and the evidence, including a confession in his own handwriting, would permit the jury reasonably to find: that on November 11, 1971, in Kansas City, Jackson County, Missouri, Ray James Rennert deliberately and premeditatedly killed Jeannie Mattia LaScalzo, a friend with whom he had been intimate and shooting drugs for three or four days, by strangling her with a stocking tied around her neck and double knotted in back, as charged in the indictment and submitted to the jury by Instruction No. 3. State v. Sturdivan, 497 S.W.2d 139 (Mo.1973).

■ Appellant charges that the court erred (I) in giving Instruction No. 10 on flight, asserting that it "assumes that appellant avoided arrest by fleeing from police officers. It fails to submit whether appellant's explanation of his visit to St. Louis was truthful"; and (II) "in receiving evidence that during the autopsy of the victim male spermatoza [sic] was found in her rectum, as it tended to prove a crime with which appellant was not charged."

Neither of these contentions was preserved for review. See Rules 27.20(a), 28.01, 28.02, and 70.02, V.A.M.R.

With respect to Instruction No. 10, the record shows that defendant made only a general objection at the presubmission instruction conference. In his motion for new trial, he alleged only that the court failed to give a "proper" instruction on the law of flight without stating how the given instruction was defective or improper. No argument was presented to the trial court with respect to the instruction when the new trial motion was argued. In these circumstances, defendant gave the trial court no opportunity to pass on the allegation of error he would now present to this court. State v. Bryant, 361 Mo. 318, 234 S.W.2d 584, 586–587 [9] (1950).

■ With respect to the evidence question, the record shows that in pretrial conference defendant sought to have such evidence ruled inadmissible, and the State urged its admissibility a part of the *res gestae*. The court overruled the pretrial objection and indicated the necessity of objection at trial "depending on the evidence." At trial, the evidence was mentioned in detail in the prosecuting attorney's opening statement, and it came in without objection; after which defendant, in an apparent exercise of trial strategy, used the evidence as a subject of cross-examination to the extent of some twelve transcript pages. See State v. Worley, 353 S.W.2d 589, 596 (Mo.1962). In these circumstances, defendant made no objection to the trial court to the admission of the evidence in question upon which to found the allegation of error he would now present to this court. State v. Washington, 320 S.W.2d 565, 568[8] (Mo.1959).

■ Neither of these points is urged as "plain error" under Rule 27.20(c), V.A.M.R. Suffice to say that neither charge indicates "manifest injustice or miscarriage of justice," necessary to a successful allegation of plain error, in view of the incriminating evidence, the sufficiency of which is undisputed, and defendant's handwritten confession.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.