THE STATE v. RAY TRICE, Appellant.—92 S. W. (2d) 135.

Division Two, March 21, 1936.

*Joseph Letorney* for appellant.

*Roy McKittrick,* Attorney General, *Wm. Orr Sawyers,* Assistant Attorney General, and *Aubrey R. Hammett, Jr.,* Special Counsel, for respondent.

WESTHUES, C.—Appellant was convicted in the Circuit Court of the City of St. Louis, Missouri, on a charge of robbery in the first degree and received a sentence of ten years' imprisonment in the penitentiary. Being unsuccessful in obtaining a new trial he

has appealed. The evidence disclosed that on the 25th day of November, 1934, two negroes entered a pawn shop located at 2717 Franklin Avenue, St. Louis, Missouri, and at the point of a revolver obtained over $500 from a safe and from the person of the man in charge of the pawn shop. Appellant was identified as the person who held the revolver. The State also introduced evidence of a confession alleged to have been made by appellant.

Appellant denied his guilt and claimed that the signed confession, introduced in evidence, had been obtained under duress. Other facts will be stated, as they become necessary, in considering appellant's assignments of error as contained in his motion for new trial. No brief was filed on appellant's behalf.

■ Error was assigned because the trial court admitted in evidence a copy of the alleged confession of appellant when it was shown that the original was in existence. On the face of the assignment it would seem that the trial court had erred. The evidence, however, disclosed that the statements, alleged to have been made by appellant, were written with a typewriter, in the form of questions and answers, at the time the statements were made; that a number of carbon copies were made at the same time; that appellant signed the carbon copy which was introduced in evidence. Reference is usually made to such writings as carbon copies, when in fact they are duplicates and when signed by the parties are admissible in evidence. The rule supported by numerous authorities is thus stated in 22 Corpus Juris 1024, section 1314:

"Where several copies of a writing are made at the same time by the same mechanical operation, each is regarded as an original and is admissible as such."

It is apparent, therefore, that the trial court did not err.

■ Appellant complains because the information as well as the affidavit of the prosecuting official were read to the jury. The record shows that the information was read but that the affidavit was not read. We discussed the propriety of reading the information to the jury in the cases of State v. Brown, 62 S. W. (2d) 426, l. c. 427 (1), and State v. Gilmore, 336 Mo. 784, 81 S. W. (2d) 431, l. c. 432 (3, 4). We need not consider the question again. In this case the trial court instructed the jury that the information contained the formal charge and was not to be taken as any evidence of defendant's guilt; also that the guilt of the defendant must be established, by evidence, beyond a reasonable doubt before the jury would be authorized to convict. We are of the opinion that in view of the instructions the jury well understood that the information was not to be considered by them in determining the guilt of appellant.

■ Error was assigned to the action of the trial court in refusing to permit appellant to show that the prosecuting witness failed to identify the person arrested with appellant to be the other robber

and that this person had not been charged with the offense. Whether or not the prosecuting witness was able to identify the other party to the crime or whether such person had been charged was entirely immaterial to the issues in the case. The prosecuting witness was cross-examined to some extent on this question and testified that he had his eyes on the gun appellant had pointed at him. In that way he explained his failure to identify the other party to the crime. The prosecuting witness was cross-examined at length as to his ability to identify appellant and to a limited extent as to the identity of the person arrested with appellant. The arrest was made some weeks after the crime had been committed. Since the identity of the person arrested with appellant was immaterial to the issues in the case it was not error for the trial court to limit the cross-examination on that subject. [State v. Douglas, 278 S. W. 1016, l. c. 1025 (20, 21), 312 Mo. 373.]

The trial court did not give an alibi instruction. This was assigned as error. Appellant offered a number of instructions, but did not offfer one on an alibi. The case of State v. Koplan, 167 Mo. 298, 66 S. W. 967, was cited by appellant. In that case it was ruled:

"The defense was an alibi; that is, that the defendant was elsewhere than at the place of the commission of the crime at the time it was committed. The court gave no instruction upon this theory of the case, although defendant testified that he was not present at the commission of the offense, and called the court's attention to the fact that the instructions given 'do not cover the whole law of the case,' and in this, we are of the opinion, committed reversible error."

However, in a later case, State v. Starr, 244 Mo. 161, 148 S. W. 862, l. c. 867 (8, 9), the question of a defendant's duty with regard to instructions on collateral matters was considered at length and this court said:

"We now hold that as to collateral questions the parties must formulate and ask such instructions as they may be entitled to, and such instructions should embody the principle for which they contend. If improperly framed, the trial court should correctly reframe them, if the principle embodied is applicable to the facts. Questions of law arising upon evidence impeaching witnesses are collateral questions. [State v. Kilgore, supra.] In the case at bar the defendant presented no instruction upon this point, but contented himself with a vague verbal request which did not indicate the nature of the instruction desired. At the same time he offered several written instructions on various other questions. We are of the opinion that under these conditions the court was not required to formulate an instruction upon the proposition."

A trial court need not of its own motion instruct on alibi. The Koplan case recognized this rule. It was expressly so held in State v. Parker, 301 Mo. 294, 256 S. W. 1040, l. c. 1043 (6), and State v.

Wilson, 12 S. W. (2d) 445, 321 Mo. 564. The rule in the Starr case that a defendant is required to formulate an instruction which he desires given, other than the instructions required to be given of the court's own motion, under Section 3681, Revised Statutes 1929 (Mo. Stat. Ann., p. 3227), was followed in State v. Simon, 317 Mo. 336, 295 S. W. 1076, l. c. 1080 (7). In State v. Wilson, supra, this court said:

"The State proved by substantial evidence that the appellant was present and committed the crime charged. Under the instructions the jury could not have found him guilty without also finding that he was present at the time and place charged in the indictment. If, therefore, the appellant desired an instruction on the defense of an alibi he should have requested it. [State v. Hubbard (Mo.), 295 S. W. 788, 790.] The defense therefore being in the nature of a collateral matter, it became the duty of the appellant to ask an instruction thereon, and, not having done so, he will not be heard to complain. [State v. Sanders (Mo.), 4 S. W. (2d) l. c. 816.]"

See, also, the case of State v. Ledbetter, 332 Mo. 225, 58 S. W. (2d) 453, l. c. 454 (3), and cases there cited. Appellant having failed to offer an instruction on alibi is, under the ruling of the above cases, in no position to complain.

■ Complaint is made because the trial court ruled that the transcript of evidence of a certain witness, taken at the preliminary hearing, would be admitted subject to such objections as the State's attorney desired to make. The only objection the prosecuting official offered was to a question, that had been asked the prosecuting witness at the preliminary hearing, regarding whether he had been told that Clanton, the person arrested with appellant, was an ex-convict. The trial court sustained this objection. An answer either way to that question would have been immaterial and of no probative force on any material issue in the case. The prosecuting witness, on cross-examination, was asked if he had testified to certain facts at the preliminary hearing. He admitted having answered questions as indicated. From an examination it does not appear that there was any substantial variance. The record is silent as to the purpose of the introduction of the transcript. There is, therefore, nothing in the record upon which to predicate error. Appellant did not offer to introduce any part of the transcript after the court had indicated that it would admit the transcript, subject to the rulings of the court to objections made thereto. Appellant made no offer which would indicate that any evidence, given at the preliminary hearing, was at variance with the evidence introduced at the trial. It is apparent that the trial court committed no error in its rulings.

■ A police officer was asked, by appellant, if, judging from the demeanor and behavior of the prosecuting witness shortly after the alleged robbery, he, the police officer, believed that a robbery had

been committed. The trial court sustained an objection to the question. This ruling was assigned as error. The police officer was questioned at length with reference to the conduct and demeanor of the prosecuting witness. It was for the jury to determine, from the evidence given, whether a robbery had been committed. The answer to the question asked would have been a mere conclusion of the witness and, therefore, the objection to the question was properly sustained. [State v. Davis, 284 Mo. 695, l. c. 702, 225 S. W. 707; State v. Wertz, 90 S. W. 838, l. c. 840 (2), 191 Mo. 569; 22 C. J., p. 485, sec. 588.]

We have examined the other assignments of error contained in the motion for new trial. They are without merit because the record does not support the allegations contained in the motion. We also find the record proper without error. The judgment is affirmed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.