STATE OF MISSOURI, Respondent, v. JOHN WESLEY COBB, Appellant, No. 41357—221 S. W. (2d) 745.

Division One, June 13, 1949.

Rehearing Denied, July 11, 1949.

*Hay & Flanagan* and *Harold O. Piening* for appellant.

*J. E. Taylor*, Attorney General, and *Robert L. Hyder*, Assistant Attorney General, for respondent.

DALTON, C.—Appellant was charged with the crime of statutory rape under Sec. 4393 R. S. 1939. Upon trial, he was convicted and his punishment fixed at five years in the state penitentiary.

The information, as filed in the circuit court of the City of St. Louis, Missouri, charged that the offense was committed in that city on August 8, 1947 upon the thirteen year old female child named therein. Prosecutrix reached the age of thirteen years on December 30, 1946. Defendant, who was 53 years of age, was arrested on September 19, 1947, after the discovery of prosecutrix' pregnancy on September 15, 1947. At that time prosecutrix was about 4½ months pregnant and a normal female child was born to her on January 28, 1948. The cause was tried in April, 1948. Defendant's wife is a sister of prosecutrix' mother and the two families resided within a

few blocks of each other. Prosecutrix appears to have been quite at home with either family.

■ Appellant has presented some thirty assignments of error, but it will not be necessary to review all of them. Some of the matters complained of were not presented to and passed upon by the trial court. In some instances there were no objections or exceptions to the action of the court and in other instances the matters mentioned were not preserved in the motion for a new trial.

Error is assigned on the court's failure to direct a verdict in favor of defendant, as requested, *at the close of the state's case.* The reasons assigned are that "there was not sufficient evidence to support the charge set out in the information"; and that "there was no proof, either directly or indirectly that the crime charged was committed in the City of St. Louis, Missouri." The state's evidence tended to show that the offense charged was committed in defendant's second floor apartment at 1117a Frey avenue. Neither the ■ City of St. Louis nor the State of Missouri were mentioned in any manner in connection with the matter of venue in the state's evidence in chief. The sufficiency of this evidence, however, was waived, when defendant did not stand on his request for a directed verdict, but proceeded to offer evidence in his own behalf. State v. Bigley (Mo. Sup.), 247 S. W. 169, 171(2) ; State v. Denison, 352 Mo. 572, 178 S. W. (2d) 449, 452(1).

■ The sufficiency of the evidence of venue must be determined from all of the evidence in the case and this matter is presented by other assignments, towit, that the court erred in giving "Instruction 1 for the reason that said instruction fails to require a finding of venue as laid in the information"; and that "the court erred in failing to give an instruction which required a finding of venue as laid in the information." Neither Instruction 1, nor any other instruction required the jury to find that the offense was committed in the City of St. Louis, or in the State of Missouri. There was, however, no evidence tending to show that the offense charged, or any other offense mentioned in the evidence, was committed at any other place than defendant's residence at 1117a Frey avenue. The prosecutrix and her family resided only a short distance away at 1308 South Fourteenth street. In his voir dire examination, defendant's counsel referred to Frey avenue as "being a little street that comes in west of Twelfth street which runs south from Chouteau to about Hickory." Inquiry was made as to whether any of the veniremen resided, or were acquainted, "in the vicinity of 1100 Frey street."

Defendant in his own behalf testified that he lived at 1117a Frey avenue; that Frey avenue came in west of Old Twelfth street and south of Chouteau; that he lived 3½ blocks from the residence of prosecutrix; that he was employed by the Gideon-Anderson Lumber Company at 110 Angelica street; that "Angelica street is 4100 north

on Broadway''; that he had been residing on Frey avenue for over nine years; that he had been driving an automobile in St. Louis for 24 years; that he had been a citizen of St. Louis 28 years and was a taxpayer; and that, when arrested, he was taken to the Third District Lynch Police Station where he was confronted by prosecutrix and questioned by police officers. The evidence further tends to show that defendant was arrested at his home on Frey avenue by officers of the St. Louis Metropolitan Police force from the Third District. During the investigation an officer from this police force took prosecutrix to the City Hospital for examination. A nurse employed by the City of St. Louis, City Hospital Division, produced the records of the City Hospital in court and they were offered in evidence by defendant. There was no dispute or controversy as to where defendant lived, or as to the presence of prosecutrix at defendant's residence at the evening meal on the date charged in the information. Respondent contends that ''the defendant never attempted any showing that venue did not lie in the circuit court of the City of St. Louis''; and that ''it was not necessary for the jury to determine a fact which was uncontradicted and unquestioned.''

It has been held that this court may not judicially notice that ''730 Chestnut street'' is located in the City of St. Louis, Missouri. State v. Schneiders, 259 Mo. 319, 329, 168 S. W. 604; State v. Schuerman, 70 Mo. App. 518, 521, 168 S. W. 604. However, venue like any other fact may be proven by circumstantial evidence. State v. Gow, 235 Mo. 307, 325, 138 S. W. 648; State v. Holland, 354 Mo. 527, 189 S. W. (2d) 989, 996. The facts and circumstances shown by the record show that defendant's residence, where the offense was alleged to have been committed, was located in the City of St. Louis. We take judicial notice of the fact that the City of St. Louis is located in this state. State v. Kenyon, 343 Mo. 1168, 126 S. W. (2d) 245, 252; State v. Pennington, 124 Mo. 388, 392, 27 S. W. 1106. In view of all the evidence the court did not err in failing to require a finding of venue as laid in the information. The location of defendant's residence in the City of St. Louis was conceded and, if the offense was committed, the evidence shows it was committed there. State v. Cooper (Mo. Sup.), 246 S. W. 892, 894(3); State v. Bagley, 339 Mo. 215, 221, 96 S. W. (2d) 331, 334; ▇▇▇ State v. Brunjes (Mo. App.), 187 S. W. (2d) 473, 474(4); 23 C.J.S. 747, Sec. 1196(b).

▇▇ Appellant further contends that the court erred in refusing to direct a verdict in his favor at the close of all the evidence. The grounds assigned are (1) that there was no evidence of any definite and specific date when the alleged offense should have occurred; (2) that the date mentioned in the information was selected by the attorney for the state; (3) that there was no substantial evidence of penetration; (4) that the testimony of prosecutrix was wholly unsatisfactory and uncorroborated; and (5) ''that the overwhelming pre-

ponderance of the greater weight of the credible evidence is that defendant is a truthful man.'' We shall consider these matters in the order mentioned.

The state proved and relied upon one specific act of sexual intercourse which the testimony tended to show was the last act prior to the arrest of defendant. The information fixed the date of this offense as August 8, 1947. At the trial, counsel for the state and counsel for defendant repeatedly sought to have the prosecutrix fix this date (which was Friday) as the date of the offense, but she consistently refused to do so. She said the offense occurred somewhere in the first week in August 1947, ''over the weekend,'' and that she had been having such relations with her uncle ''just over weekends,'' on Friday and Saturday, for about a year prior thereto. The evidence further showed that at the time of defendant's arrest, September 19, 1947, she had fixed the last occurrence as happening on Friday evening of the first week in August, which was August 8, 1947 and was in the week preceding a vacation trip with her parents. The detailed facts and circumstances attending her prior sexual relations with defendant and the times and places of their occurrence were not attempted to be shown. The date of the offense, as submitted by Instruction 1 was ''on or about the 8th day of August, 1947.''

Appellant contends that his constitutional rights were invaded by the failure to prove a specific date and by the injection of collateral and independent crimes not charged in the information and for which defendant was not on trial. The evidence shows that the date fixed in the information was selected on the basis of statements made by the prosecutrix to an assistant circuit attorney. The jury in the trial of this cause had substantially the same evidence, except that in September 1947, the prosecutrix had named the day of the week as Friday, while at the trial she could not say whether it was Friday or Saturday evening of the first week in August. We find no merit in these contentions. At the trial, counsel for defendant was sufficiently satisfied as to the date shown by the state's evidence to have had defendant testify in detail concerning his whereabouts and conduct on Friday evening August 8, 1947, including when he came home, when he left and returned and as to the names of the persons present at the evening meal at his home. The date of the offense charged and submitted was sufficiently shown by the evidence. Further, the court did not err ''in failing to require the state to elect on which of several instances of intercourse it will rely.'' No request for election was made and only one specific act with time and place and attending circumstances was attempted to be shown by the evidence. No subsequent acts were shown and no election was required other than that evidenced by Instruction 1, which, by the date indicated, sufficiently limited the jury to the one specific act relied upon by the state.

 It will not be necessary to review the detailed facts concerning the act of sexual intercourse. The prosecutrix testified positively to the fact of penetration on the occasion in question. She further said that she had never had such relations with any other man. Appellant relies particularly upon that part of the records of the City Hospital concerning the examination of the prosecutrix on September 19, 1947, showing "Hymen intact" and "He never inserted his organ." The same records, however, showed "History . . . Has had sexual relations with her uncle for the past two years about twice or three times a month . . . Diagnosis apparently four to four and a half months pregnant." There was further evidence tending to show that penetration in excess of one half inch would rupture the hymen, and that it was not ruptured, but there was also evidence that there could be slight penetration; that the sperm could pass through the hymen; and that pregnancy could result from sexual intercourse without the hymen being broken. Prosecutrix at no time testified that defendant's male organ was ever fully inserted. The extent of penetration was not the decisive issue presented. The recital that "he never inserted his organ" could only affect the credibility, weight and value of prosecutrix' testimony at the trial and would have little value in view of other recitals in the hospital record. The evidence of penetration was sufficient.

 Appellant further contends that the prosecutrix' failure to make complaint or disclose the crime within a reasonable length of time after she had the opportunity to do so carries a presumption that her story was false. All of the cases relied upon are cases of forcible rape. The evidence tends to show that the illicit relationship in question had been carried on by the mutual agreement of the parties and over a long period of time. There was also evidence that defendant furnished money, clothes, and gifts after each intercourse and that he had advised prosecutrix that her father would beat her if he learned of her relations with defendant. Defendant testified that he had bought shoes, skirts, blouses, sweaters and a coat for prosecutrix and that he had given her money.

The prosecutrix was under the age of consent and the fact that prosecutrix failed to make a complaint or disclose the crime, until the matter could be no longer concealed, went only to the credibility, weight and value of her testimony. The testimony of prosecutrix is corroborated in many essential particulars. The fact of sexual relations with some one is evidenced by the fact of pregnancy and the birth of a child. The evidence further shows that, when defendant was arrested and confronted by the prosecutrix, he admitted that he had been "fooling around with her for a couple of years"; and that he had had sexual intercourse with her. He offered to pay all expenses and doctor bills, hospital bills and whatever she needed. There was also evidence that "he stated he was responsible for the girl's

condition and that he would pay all the hospital bills and that he wanted to adopt the child." The state offered substantial and satisfactory evidence of defendant's guilt. The testimony of prosecutrix was adequate in all respects and was corroborated. All conflicts between the evidence offered by state and that offered by defendant were for the jury. Whether defendant was a truthful man was for the jury. The court did not err in refusing to direct a verdict for defendant. Nor did the court err in refusing Instruction B offered by defendant, which instruction would have told the jury that the charge of rape made by the prosecutrix "remains uncorroborated by any evidence in this cause."

Appellant further complains of Instruction 1, because it refers to issues of fact "which you are to determine from the evidence in the case" and fails to use the words "which you are to determine from all the facts and circumstances." The instruction does use the words, "as the jury may determine from all the facts and circumstances," at its close in connection with the assessment of punishment, if defendant should be found guilty. No reasons are assigned for the insufficiency of the instruction as written. The cause submitted was not a circumstantial evidence case. State v. Famber, 358 Mo. 288, 214 S. W. (2d) 40, 44. The instruction is not erroneous in the respect mentioned.

Appellant further complains of Instruction 1 on the ground that it included a comment on the evidence and served to emphasize certain evidence in the minds of the jury to the prejudice of the defendant. The prosecutrix had testified to the fact of an emission of semen during the act of intercourse and in Instruction 1, after telling the jury what was necessary to constitute "carnally knowing," there was this sentence, "It is not necessary, however, that there should have been any emission of semen from defendant." Appellant says, "it is only on such questions of law as arise in the case that instructions are required." In effect appellant contends the alleged comment was unnecessary and prejudicial. We think the court could properly tell the jury what was necessary to be shown to constitute "carnally knowing." Nothing more was done. The definition was not a comment on the evidence tending to show affirmatively that there had been an emission of semen.

Appellant further says that Instruction 1, is unsupported by evidence tending to "establish any definite and specific date that the offense should have taken place" or tending to show "an entry or penetration." We have previously ruled the sufficiency of the evidence in the respects mentioned.

Appellant further contends that Instruction 1 is erroneous "for the reason that it authorized the assessment of punishment upon a finding that defendant was guilty of rape as charged in the information, rather than on a finding that he was guilty under the instruc-

tions as read to the jury.'' No authorities are cited or argument made other than a contention that the instruction referred the jury to the information to determine the elements of the crime of rape rather than to the instructions. We do not find the instruction objectionable in the respects mentioned.

Appellant complains of the refusal of Instruction A offered by defendant. This instruction would have told the jury that in determining the guilt or innocence of defendant they should consider the fact, if found from the evidence, that the ''prosecuting witness made no outcry, and did not, as soon as an opportunity offered, complain of the alleged offense to others, but concealed it for a considerable length of time thereafter, . . . .'' In cases of forcible rape the failure to make an outcry, or any concealment tends to show consent and the absence of force, but, in statutory cases such as this, force is not an element of the crime charged and a showing of lack of consent on the part of the prosecutrix is not required. The instruction was properly refused. State v. Baker, 136 Mo. 74, 81, 37 S. W. 810; State v. Hammontree (Mo. Sup.), 177 S. W. 367, 369; State v. Bowman, 278 Mo. 492, 213 S. W. 64, 65; State v. Gruber (Mo. Sup.), 285 S. W. 426, 428; State v. Hersh (Mo. Sup.), 296 S. W. 433, 436.

Appellant further contends that the court erred in failing to instruct upon all questions of law arising in the case and particularly on attempted rape, assault with intent to rape and common assault. Appellant says the state's evidence had put these matters in issue and it was the court's duty to instruct the jury with reference thereto. Concerning the occasion in question, the prosecutrix testified to facts which would constitute statutory rape and nothing else, while the defendant denied any improper conduct with prosecutrix at any time. There was evidence tending to show defendant had admitted at the police station that he had been ''fooling around with her for a couple of years''; that he had been ''fooling around with her with his hands'' at his home; that he ''had felt her female organs or her privates with his hand''; and that ''he had tried to have intercourse with her.'' The witnesses further quoted defendant as saying that he was responsible for her condition; and that he had had sexual intercourse with her, but he had not been able to fully insert his male organ. Defendant denied all of these alleged admissions. The evidence tends to show that these admissions were made during the investigation of the cause of prosecutrix' pregnancy. The investigation was made on September 19, 1947, when prosecutrix was four and a half months advanced. The evidence fails to show that the questioning was directed to any particular time or place, or that it was in any way directed to the last particular occurrence of intercourse, which apparently was not discussed, even with prosecutrix, until the charge was being prepared. There was no evidence tending to show that any such acts, showing a lesser offense, occurred at the time charged in the

384

information and submitted in Instruction 1. The detailed facts and circumstances attending any such acts and the particular time and place of such acts were not developed at the trial. Even upon defendant's admissions they were prior to the time he began to have sexual intercourse with prosecutrix. Under the facts shown by the record the court did not err in failing to instruct on the offenses mentioned. State v. King, 342 Mo. 975, 119 S. W. (2d) 277, 284(13).

 Appellant contends that the court erred in refusing to give "an alibi instruction offered by defendant's counsel." The evidence upon which such an instruction would have been based is not summarized or pointed out, but such an instruction, towit, Instruction D, was offered and refused. In the motion for a new trial the defendant assigned error on the refusal of "Instructions A, B, C, D, E, F, G, H, and I, offered by the defendant at the close of all the evidence." No other reference is made to Instruction D, or to the failure to instruct on defendant's alleged alibi. The assignment of error in the motion for a new trial is too general and indefinite to present any criticism of the court's action for review. State v. Sapp, 356 Mo. 705, 203 S. W. (2d) 425, 432(20); State v. Breeden (Mo. Sup.), 180 S. W. (2d) 684, 687(9).

 Appellant further contends that the court erred in failing to instruct on all the law of the case, including on the good character of defendant. Defendant offered a number of witnesses whose testimony tended to show defendant's good reputation in the community "for truthfulness, veracity, and morality." While the court gave instructions on the credibility of the witnesses and on the presumption of innocence, it did not give an instruction on the previous good character of the defendant. Respondent concedes that, there being evidence of defendant's good character, it was the court's duty to instruct the jury on the subject as a part of the law of the case (State. v. Havens (Mo. Sup.), 177 S. W. (2d) 625, 630; Sec. 4070 R. S. 1939), but points out that the matter was not specifically complained of in the motion for a new trial. The assignment in defendant's motion for a new trial is that "the court committed error in failing to instruct on all the law of the case." The matter of an instruction on the good character of defendant is not referred to. The assignment of error in the motion for a new trial was too general to preserve anything for review. Sec. 4125 R. S. 1939; State v. Graves, 352 Mo. 1102, 182 S. W. (2d) 46, 57(26); State v. White, 339 Mo. 1019, 99 S. W. (2d) 72, 73. Since the matter was not preserved in the motion for a new trial, the assignment must be overruled. State v. Foster, 355 Mo. 577; 197 S. W. (2d) 313, 318(4-6).

 Appellant complains that the court abused its discretion and committed prejudicial error in not allowing defendant's counsel an hour for argument. No such request appears from the record. There

was no objection or exception to the time given by the court for that purpose. The charge of error does not prove itself. There is nothing here for review. State v. Hampton (Mo. Sup.), 172 S. W. (2d) 1, 5.

It will not be necessary to review the other assignments in detail. In none of them does the record present anything for review.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.