STATE OF MISSOURI, Respondent, v. WAYNE JOHNSON, Appellant, No. 41982—234 S. W. (2d) 219.

Division One, November 13, 1950.

*John M. Bragg* for appellant.

*J. E. Taylor,* Attorney General, and *Harry H. Kay,* Assistant Attorney General, for respondent.

[219] DALTON, J.—Appellant was charged and convicted of the crime of statutory rape under Sec. 4393, R. S. 1939 and his punishment fixed at a term of two years imprisonment in the state penitentiary.

The State's evidence tended to show that the prosecuting witness became 15 years of age on April 3, 1947 and that, thereafter, in November of that year she began to "keep company" with appellant, who at that time was about 19 years of age; that he "made love" to her and on December 10, 1947, in Douglas County, Missouri, he had sexual intercourse with her; that it was the first time she had had sexual intercourse with anyone; and that as a result of that inter-

course a child was born to her on September 13, 1948. On cross-examination she testified to further and subsequent sexual relations with the appellant on December 17, 1947 and January 10, 1948. About the 23rd day of February, 1948, after the fact of pregnancy became known, the father of the prosecuting witness conferred with appellant and his father and, thereafter, appellant "disappeared for a while," was gone eight or ten days, but was brought back to the county by the local sheriff.

The evidence further tended to show that on the date in question, December 10, 1947, appellant took the prosecuting witness in his father's automobile to a community singing at Bethany church near where they both lived and that the offense was committed on the return trip to her home. Appellant denied having had sexual intercourse with the prosecuting witness and offered testimony tending to show that he did not have his father's automobile on the date mentioned; that he did not attend the "singing"; and that, on that particular night, he was "home possum hunting" with his brother.

The record further shows that, at the close of the State's case in chief, the prosecuting witness was recalled to the witness stand by the prosecution and questioned as follows: "Q. And you testified that the baby was born of that intercourse? A. Yes. Q. Do you have that baby here today? A. Yes. [220] By Mr. Will H. D. Green: If the Court please, we would like to offer that baby in evidence for comparison and appearance between it and the alleged father. By Mr. John M. Bragg: I object to the offering of the baby in evidence for comparison. The State alleged that the defendant is the father of it, and she alleges it is the result of the intercourse testified to here, and defendant further objects for the reason the child is now approximately one year old, and it is only being offered by the State to prejudice the jury, and it wouldn't shed any light on this case whatsoever at this time. By The Court: Under the plea of not guilty of the charge made; that has been held proper evidence. Overruled (exception saved). By Mr. Will H. D. Green: Q. I will ask you if the baby you hold in your arms is the baby that was born as the result of the defendant? A. Yes. By the Court: Remove the cap. By Mr. Will H. D. Green: Q. Take the cap off and walk in front of the jury so they can observe the baby and don't make any comment. Witness walking in front of the jury with baby in her arms."

Appellant first contends that "the Court erred in permitting the State, over the objections of appellant, to offer the baby in evidence in the manner in which offered; and to parade the same before the jury." This assignment is based upon paragraph 2 of the motion for a new trial, as follows: "The Court erred in admitting (sic) the prosecution to display and parade before the jury, over the objections

of the defendant, the child, which, it was alleged was the fruits of the alleged offense of statutory rape.''

The trial was had on September 23, 1949 and the baby was one year and ten days old when it was exhibited to the jury. A mistrial had been declared on two previous occasions when the jury failed to reach a verdict. Appellant insists that the manner in which the baby was exhibited was highly prejudicial to defendant; that the baby was not old enough to possess settled features or other corporeal indications; that in view of the child's age the exhibit for the purpose of comparison had no probative value as any comparison would be speculative, indefinite and uncertain; that the trial court made no finding that the baby had settled features or corporeal indications; that ''if the Court permitted the infant to be exhibited for the purpose of showing that the prosecutrix actually had intercourse with a male person on or about the 10th day of December, 1947, to bolster her testimony as to showing the Corpus Delicti that an instruction should have been given so informing the jury''; and that ''if the Court permitted the exhibition of the infant for comparing its features with that of the defendant, the jury should have been so informed by a proper instruction.''

No instructions were requested on the last mentioned matters, no objections were made or exceptions saved with reference to the court's failure to so instruct the jury and no assignment of error is presented in this court concerning these matters.

The record shows that the baby was exhibited and offered in evidence for the particular purpose of comparison of its appearance with that of its alleged father, who was present in the court room and who subsequently took the stand and testified in his own defense before the jury. It is immaterial, therefore, that the baby might have been properly exhibited for another and different purpose, towit, for the purpose of showing that the crime charged had been committed by some one.

The general rule is well stated in 44 Am. Jur. 943, Rape, Sec. 70, as follows: ''In a prosecution for statutory rape, the birth of a child conclusively establishes a prior act of unlawful intercourse, when the date of the birth is such as to show that the child was conceived prior to the time when the mother arrived at the age of consent; and it is permissible for the prosecution to exhibit the child to the jury to prove the commission of the crime, for in such cases the state cannot be confined to proof by oral testimony, and excluded from presenting the child to the jury as evidence tending to establish the fact of birth and prior unlawful intercourse. The propriety of the exhibition [221] of a child for the purpose of comparison on the question of race or color is conceded, but the decisions are in conflict on the question whether the child may be exhibited for the purpose of enabling the jury to compare its features and characteristics with

those of the accused. Some courts permit the prosecution to exhibit to the jury a child born to the prosecutrix as a result of the rape, for the purpose of fixing the paternity on the defendant and thereby establishing the fact that the defendant committed the crime.'' Also see 47 Am. Jur. 649, Seduction, Sec. 41; 27 Am. Jur. 298, Incest, Sec. 16; 52 C. J. 1077, Rape, Sec. 107; 10 C. J. S. 177, Bastards, Sec. 92; and Annotations in American and English annotated cases 560; 1 A. L. R. 622; 40 A. L. R. 97, 111, 168; 95 A. L. R. 314.

This court has not previously ruled the issue presented. In the case of State v. Palmberg, 199 Mo. 233, 253, 97 S. W. 566, 572, reversed on other grounds, the Court said: '' * * * we are of the opinion that the prosecuting witness had the right to testify that she became pregnant and gave birth to a child as the result of the intercourse she referred to, and if she has the child in the court room, we see no impropriety nor valid objection to her pointing it out and saying that is the child I gave birth to as the result of such intercourse.'' And see State v. Kuebler (Mo. Sup.), 14 S. W. (2d) 449, 451.

In State v. Miller, 263 Mo. 326, 172 S. W. 385 (a statutory case) the court said: ''The fact that the child was born is an absolute showing that a crime was committed.'' And see State v. Cobb, 359 Mo. 373, 221 S. W. (2d) 745, 749(9). In the case of State v. Fogg, 206 Mo. 696, 708, 105 S. W. 618 (a seduction case), the trial court had permitted the prosecuting witness to take her baby and exhibit it to the jury while testifying, but the state did not offer or make profert of the child. The court said: ''We are of the opinion that proper deference should be shown the trial court, and the presumption must be indulged that it has exercised proper precaution in the administration of the law, and if in the judgment of the court the mere fact that the prosecutrix had her child with her at the time of testifying, was not calculated to endanger a fair and impartial trial by the jury, we are unwilling to say that the judgment of the court in this respect was erroneous, and that such action by the mother, in having her child with her, was calculated to prejudice the minds of the jury.''

The authorities which hold that a child may not be exhibited to the jury for the purpose of comparison of features with those of its alleged father apparently do so on the ground that a young child could not possibly resemble an adult and that a comparison between a young child, whose features are immature and undergoing frequent changes, could not, as a matter of law, have any probative value on the issues presented. It is said that the fact of resemblance, when applied to the immature child, is worthless as evidence to establish the fact of parentage, because such resemblance is too vague, uncertain and fanciful in nature to be submitted to a jury. It is also said that ordinary observation teaches us that in the same family of

children different colors of hair and eyes are not unusual, and that it is not at all certain that children resemble the reputed father. The exhibition of a young child before the jury to permit an inspection of the features of the child and those of the alleged father for the purpose of comparison has also been criticised on the ground that such a course enables the jury to base its verdict, in part, at least, on individual knowledge of facts not presentable in the record and of which the appellate court can acquire no information, thus preventing a review of the case on the question of sufficiency of the evidence. This latter objection would apply in any case where the jury is permitted to view objects or wounds which cannot be incorporated in the record to be presented for review. This is not a valid objection under the laws of this state.

In support of the position that the child born as a result of the alleged crime may be exhibited to the jury, it is argued that "like begets like;" that generally there is a resemblance more or less strong and striking between the parent and his child; that [222] it is generally assumed that the young will resemble their progenitors more or less; that such an assumption is more or less generally acted upon by mankind; that the assumption is, no doubt, founded upon general experience showing its truth; and that such an assumption or theory so commonly and universally accepted may be safely followed in exhibiting the child before the jury.

In some states the courts permit a comparison only after the features of the child have become settled and it has passed beyond the so-called "baby stage," others hold that the age of the child goes only to the weight of the evidence and has no bearing on the question of admissibility of the child as an exhibit, or as demonstrative evidence. The courts which permit a child to be exhibited to the jury in a case such as this for a comparison of features do so of course on the theory that such a comparison will have a tendency to produce in the minds of the jurors a persuasion, affirmative or negative as to the existence of the fact of parenthood and, therefore, of the sexual relations upon which the charge against the defendant is based. It has also been held that in view of the dangerous and uncertain character of such evidence, it is the duty of the trial court to give careful attention to the child's physical appearance to discover its resemblance to the alleged parent and to determine whether such resemblance is sufficiently evident to afford a basis for the inference of paternity as claimed and to be of probative value in establishing defendant's guilt of the crime charged against him. State v. Forbes, 108 Vt. 361, 187 A. 422.

In the case at bar a review of the record indicates that the only real objection made to exhibiting the baby before the jury was upon the ground that it was prejudicial and that such exhibit "wouldn't shed any light on this case whatsoever at this time." Of course if the

evidence was competent and admissible the fact that it was prejudicial was no ground for its exclusion. In view of the court's ruling, we must assume that the court believed the exhibit tendered had some probative value for the purpose of comparison of features and so ruled as to matters on which the admissibility of the evidence or exhibit depended and we cannot say the court acted arbitrarily or abused its discretion. Clearly the trial court believed the evidence had some probative value which would aid the jury in arriving at a proper conclusion on the issues before them and we should not hold that the court erred in permitting the exhibit. Further, we believe that the weight of authority and well accepted principles of law support the ruling of the trial court. Wigmore on Evidence, 3rd Ed. Sec. 166; 20 Am. Jur., Evidence, Secs. 354 and 721; 32 C. J. S. 459, Evidence, Sec. 609; 22 C. J. S. 1224, 1226, Criminal Law, Sec. 716(d) ; State of Missouri v. Bryant, 361 Mo. 318, 234 S. W. (2d) 584.

Appellant further contends that the trial court erred in failing to instruct the jury in writing upon all questions of law arising in the case, whether requested or not, as required by Sec. 4070 R. S. 1939, in that the court did not instruct the jury on his defense of alibi.

Appellant relies particularly upon State v. Taylor, 118 Mo. 153, 180, 24 S. W. 449, 456, but in that case the defendant had asked the court to instruct the jury as to his alibi defense and offered an erroneous instruction which was refused. In this case no such instruction was asked and none was given. It is well settled that the court is not required to instruct the jury upon the defense of alibi as a part of the law of the case under Sec. 4070, R. S. 1939, without a request from defendant for such an instruction. State v. Quinn, 344 Mo. 1072, 130 S. W. (2d) 511, 513; State v. Bagby, 338 Mo. 951, 93 S. W. (2d) 241, 249; State v. Trice, 338 Mo. 744, 92 S. W. (2d) 135, State v. Woods, 346 Mo. 538, 142 S. W. (2d) 87. The assignment is overruled.

A careful review of the whole record fails to disclose any reversible error. The judgment is affirmed. All concur.