STATE of Missouri, Respondent,

v.

Ulysses WHITE, Appellant.

No. 45882.

Supreme Court of Missouri,

Division No. 2.

May 13, 1957.

Richard B. Kirwan, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Defendant, Ulysses White, was convicted of the offense of robbery in the first degree by means of a dangerous and deadly weapon. Sections 560.120 and 560.135 RSMo 1949, V.A.M.S. Punishment was assessed by the jury at seven years imprisonment in the penitentiary. Defendant has appealed, and although he was represented by counsel in the trial court, he has filed no brief here. We shall look to defendant's motion for a new trial for his assignments of error. State v. Ryan, Mo.Sup., 275 S.W.2d 350 [1].

The first assignment of error is that "the verdict of the jury was a result of bias and prejudice against the defendant and not of their cool and considered judgment." Supreme Court Rule 27.20, 42 V.A.M.S., requires that a motion for new trial "must set forth in detail and with particularity * * * the specific grounds or causes therefor." This requirement is mandatory. State v. Gaddy, Mo.Sup., 261 S.W.2d 65 [4]. The above assignment fails to meet the minimum requirements of this rule and preserves nothing for review. State v. Schramm, Mo. Sup., 275 S.W.2d 343 [2].

In the second assignment of error, defendant states that "the testimony of the complaining witness, which was not supported by any additional testimony, was conflicting, confusing, and in many ways inarticulate," and he also complains that in the trial of the case the prosecuting witness testified concerning an assault with intent to rape made by defendant against her. He contends that he was surprised by this evidence and that it was highly inflammatory.

By reason of an extremely liberal application of Supreme Court Rule 27.20, the first part of this assignment, pertaining to the quality of the testimony, will be treated as a challenge to the sufficiency of the evidence and will be discussed in connection with the next following assignment of error.

As will subsequently be shown, the assault with intent to rape occurred

immediately following the robbery, and testimony concerning the assault was admissible because the act constituted a part of the res gestae and was inseparable from the robbery. See State v. Gentry, Mo.Sup., 212 S.W.2d 63 [2–3]; State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877 [11]; State v. Ward, 337 Mo. 425, 85 S.W.2d 1 [9]. In addition, defendant made no objection to the testimony when it was offered and subsequently made no motion to strike the testimony. In State v. Gaddy, Mo.Sup., 261 S.W.2d 65, 68, it was stated that "an assignment of error should be founded upon objections and grounds therefor as stated at the time the testimony is introduced." See also State v. Slaten, Mo.Sup., 252 S.W. 2d 330 [3]. "There is nothing before us for review in the absence of a timely objection or, in some instances, a motion to strike." State v. Pittman, Mo.Sup., 221 S. W.2d 163 [2, 3], 164. Issues pertaining to the admission of testimony are not timely presented when first raised in a motion for new trial. State v. Rector, 328 Mo. 669, 40 S.W.2d 639 [6]; State v. Beaghler, Mo. Sup., 18 S.W.2d 423 [4]; State v. Pittman, supra [3].

◼ The third assignment of error challenges the sufficiency of the evidence pertaining to the identification of the defendant as the person who committed the robbery. The state introduced competent evidence from which the jury could reasonably find that on March 6, 1956, while Mrs. Geraldine Miller was operating a delicatessen at 3012 East 25th Street in Kansas City, the defendant came into the store and asked for cigarettes. He then purchased some matches, and when Mrs. Miller made change he produced a gun which he pointed at her and then ordered her to open the cash register. He took some of the money from the register, locked the front door of the store, and ordered Mrs. Miller to go to the back part of the building where there were living quarters. He there made an assault upon her, apparently with the intent to rape, and struck her with the gun, but she fought him off and he fled. A little over a month later, while sitting in a car at 23rd Street and Prospect waiting for a traffic light to change, Mrs. Miller saw the defendant enter a pool hall. She immediately called the police, pointed him out to the officer who responded to her call, and had him arrested. She later identified the defendant in a police lineup, picking him from a group of four. At the trial she positively identified the defendant as the man who committed the robbery. The evidence was sufficient and substantial to show that a robbery occurred at the time and place charged in the information, and that defendant was the one who committed the robbery.

◼ In the fourth assignment of error, defendant asserts that in the argument to the jury the prosecuting attorney "commented upon the assault to rape and mentioned the fact that the defendant could have been prosecuted for this offense." This allegation in the motion does not prove itself, State v. Anderson, Mo.Sup., 254 S. W.2d 638 [3], and the argument of counsel is not set forth in the record. It is therefore impossible to consider the alleged prejudicial effect, if any, of counsel's argument or the court's rulings concerning the argument. State v. Price, 348 Mo. 361, 153 S.W.2d 353 [7]; State v. Gerberding, Mo. Sup., 272 S.W.2d 230 [10].

◼ The fifth assignment of error is "That the instructions given by the court did not cover all the law applicable to the case herein and the evidence submitted thereunder; that the court failed to instruct on alibis. There was testimony on the part of the defendant that he was at a place other than that charged by the State at the particular time in question." Considering first the contention that the court erred in failing to instruction on an alibi, "(w)e have repeatedly held, and now hold, that in the absence of a request therefor the court cannot be convicted of error in failing to give such an instruction." State v. Brooks, Mo.Sup., 254 S.W.2d 642 [6], 645. See also State v. Trice, 338 Mo. 744, 92 S.W.2d

135 [5]; State v. Johnson, 361 Mo. 214, 234 S.W.2d 219 [5]. There was no request by defendant for an alibi instruction. As to the general statement that the instructions did not cover all the law applicable to the case and the evidence, the assignment is too general to preserve anything for review. See State v. Johnson, Mo.Sup., 286 S.W.2d 787 [2].

■ The sixth and last assignment of error is as follows: "That Instruction No. 2, the main instruction of the case, was conflicting, confusing and misleading. It did not refer the juror's minds to a particular time or place mentioned in evidence but it gave them a roving commission to consider the evidence of an attempted rape, this charge was not presented against the defendant and for which he was not tried. The testimony concerning the alleged rape was a most pertinent factor and the jury's consideration should have been restricted to the matters and acts as charged. Of all of this the defendant complains and asks the judgment of the court." Without setting out in full the instruction, we find that there is no merit to any of these contentions. The instruction starts as follows: "The court instructs the jury that if you believe and find from the evidence in this case, beyond a reasonable doubt, that at the County of Jackson and State of Missouri, on the 6th day of March, 1956, the defendant herein, Ulysses White, did * * *." Both the time and place mentioned in the instruction were supported by the evidence. There was no mention whatever in the instruction of an attempted rape or an assault with intent to rape or to any evidence pertaining thereto. The instruction hypothesized facts, which were supported by the evidence, constituting the offense charged, and then authorized a finding that the defendant was guilty of robbery in the first degree if the jury found those facts. The instruction further directed that unless the jury found the facts to be as therein stated it was to acquit the defendant. We do not find the instruction to be "conflicting, confusing and mislead-

ing," but in any event, such a general statement standing alone does not preserve anything for review. State v. Murray, Mo. Sup., 280 S.W.2d 809 [13]; State v. Kelly, Mo.Sup., 107 S.W.2d 19 [7]; State v. Jordan, Mo.Sup., 235 S.W.2d 379 [7].

The information was sufficient, and the verdict was responsive thereto. Allocution was afforded, and the judgment and sentence were duly entered and pronounced.

The judgment should be and is affirmed, and therefore the sentence pronounced is directed to be executed. Supreme Court Rule 28.14, 42 V.A.M.S.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.