STATE of Missouri, Respondent,

v.

Lemuel A. WELLS, III, Appellant.

No. 49697.

Supreme Court of Missouri,
Division No. 2.

May 13, 1963.

Charles M. Shaw, Clayton, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Frank P. Motherway, Sp. Asst. Atty. Gen., St. Louis, for respondent.

BOHLING, Commissioner.

Lemuel A. Wells, III, appeals from a judgment imposing a sentence of six months in the county jail and a fine of $500 for carnally knowing an unmarried female, of previously chaste character, between the ages of sixteen and eighteen years, a designated felony. § 559.300. (Statutory references are to RSMo 1959 and V.A.M.S.) Defendant on this appeal presents issues with respect to the information; the endorsement of the names of witnesses thereon, the admission of certain testimony, statements of the prosecuting attorney, the instructions, and the court's conduct of the trial.

Prosecutrix and defendant graduated in 1961 from the Bowling Green High School. They started dating in October, 1960. On December 18, after about twenty-five dates, they exchanged class rings and started "going steady." On the evening of February 11, 1961, defendant took prosecutrix in his father's automobile to a picture show in

Louisiana and afterward to Bowling Green, where three or four young persons joined them. Defendant had some whiskey in his car, and he procured some soda and mixed drinks for all of them. Prosecutrix consented to drink some whiskey and drank the drink defendant prepared for her. This was the first time she had drunk whiskey. Defendant then put the bottle of whiskey under the driver's seat, and he drove them around town for a while. Prosecutrix testified she felt tired and weak and the lights seemed to move around. Later, the others returned to their automobiles, leaving prosecutrix and defendant in defendant's car. Defendant started to take prosecutrix home. She lived with her parents about five miles northeast of Bowling Green, in Pike County, Missouri. Defendant turned off on a side road a short distance before reaching prosecutrix' home and parked his car. It was between 11 and 12 o'clock. He asked prosecutrix if she wanted some more liquor, and she took two drinks with defendant tipping the bottle. She does not remember his drinking anything at this time. Prosecutrix testified she felt tired and sleepy. Defendant took prosecutrix' skirt off, saying it would get wrinkled, and also her pants or stepins. He started kissing her and had intercourse with her. His private parts entered her private parts. Defendant then put prosecutrix' pants and skirt back on, and had her get out of the car and walk up and down the road, saying he could not take her home in the condition she was in. She said her knees were real weak and "finally" she could not walk any more. He later took her home. The State introduced in evidence notes written by defendant to prosecutrix offering to pay for getting rid of "it," stating prosecutrix had promised to "take care of it" so they would not have to get married, and directing prosecutrix to attempt to place the blame on another person therein named.

Prosecutrix testified she had never had sexual intercourse before with defendant or anyone else and that she had never married. Prosecutrix at the time involved was seventeen and defendant was eighteen years old. There was also testimony that prosecutrix was a girl of good moral character. A number of witnesses testified that defendant had a good reputation for truthfulness, honesty and morality.

Any additional facts necessary to rule the issues presented will be developed later.

The information presented three counts. At the close of the State's case defendant filed motions for judgments of acquittal as to all counts. Said motions were sustained as to Counts I (seduction under promise of marriage—§ 559.310) and III (rape, victim drugged—§ 559.270), but overruled as to Count II, based on § 559.300. Said section provides, so far as material: "If any person over the age of seventeen years shall have carnal knowledge of any unmarried female, of previously chaste character, between the age of sixteen and eighteen years of age, he shall be deemed guilty of a felony * *."

■ The information appears to have been drafted on a printed form. It is not a model and is not to be recommended. However, it does charge that defendant did "then and there with specific and criminal intent fraudulently, knowingly, maliciously, unlawfully, wrongfully, willfully, on purpose, deliberately, premeditatedly, feloniously, and of malice aforethought" commit the offense, and it is not subject to the complaint first appearing in defendant's motion for new trial that the information failed to charge the act was "unlawfully and feloniously" committed. The record shows that defendant was fully informed of the offense for which he was on trial.

■■ The offense under § 559.300 may be committed with or without force or with or without the consent of the female. State v. Volz, 269 Mo. 194, 190 S.W. 307[2]. We doubt if an attempted point in defendant's motion for new trial is sufficiently specific to preserve for review any ground upon which to rule that the State failed to make a submissible case; but, the issue needs no expansion beyond our statement of

the facts to demonstrate that any such point is without merit.

■■ During the progress of the trial the State asked leave to substitute the name of Dr. Robert Brooks for that of Dr. J. C. Steele as a witness on the information, the record indicating that Dr. Steele was not and Dr. Brooks was a local physician and Dr. Brooks' testimony would be limited to the period of gestation, its norm and variances. Defendant objected to this substitution with the broad statement defendant was relying on the testimony of Dr. Steele. The court saw nothing prejudicial to defendant in allowing the substitution of witnesses. We stated in State v. Thost, Mo., 328 S.W.2d 36, 38[4]: "Trial courts have considerable discretion in permitting the endorsement of the names of additional witnesses upon an indictment or information; and a finding of reversible error in the absence of substantial prejudice is not justified where no affidavit of surprise or application for a continuance is filed." This sufficiently covers the situation disclosed by this record. In addition, defendant was entitled to compulsory process to secure the attendance of witnesses. The State is not compelled to call all whose names are endorsed on an information. It is sufficient if the State's case is sustained by substantial evidence. The defendant is not entitled to direct the trial of the State's case. State v. Parr, 296 Mo. 406, 246 S.W. 903, 907[11], and case cited.

■ Early in the trial defendant objected to the presence in the courtroom of a baby that was crying. The court stated it would have the child removed if it continued to make any sort of a noise. A short time later the court, without further suggestion, directed that the baby that was crying be removed from the courtroom. At one place in the record defendant's counsel made the statement (which did not prove itself) that prosecutrix was standing and rocking her baby and asked that she be excluded. The girl started to leave the courtroom but the court refused to order her excluded, and directed her to find a seat and be seated. In State v. Fogg, 206 Mo. 696, 105 S.W. 618, 621(II), a seduction under promise of marriage case, we stated we were unwilling to hold that reversible error occurred because the mother had the child in the courtroom while she was testifying; and deferred to the ruling of the trial court to the effect that prejudicial error had not occurred. We perceive of no reason for reaching a different result under this record.

■ Prosecutrix testified that she bore a child on November 15, 1961. When she was asked whether this child was "a result of this intercourse with" defendant, defendant objected on the ground this was repetitious. The objection being overruled, he objected further on the ground the answer invaded the province of the jury, and that this was immaterial and irrelevant because the case was not a paternity action. Prosecutrix answered that the child was a result "of this intercourse with" defendant. The birth of a child is evidence of intercourse and, in this case, established the commission of the crime charged by some one. State v. Miller, 263 Mo. 326, 172 S.W. 385, 388[3]. In State v. Palmberg, 199 Mo. 233, 253, 97 S.W. 566, 572 (reversed on other grounds), we said: " * * * [W]e are of the opinion that the prosecuting witness had the right to testify that she became pregnant and gave birth to a child as a result of the intercourse she referred to, and, if she has the child in the courtroom, we see no impropriety nor valid objection to her pointing it out and saying '[t]hat is the child I gave birth to as the result of such intercourse.' " The Fogg, Miller, Palmberg and other authorities stand approved in State v. Johnson, 361 Mo. 214, 234 S.W.2d 219, 220 [1, 2]. Competent evidence does not become inadmissible because it is prejudicial to an adversary.

The trial court ruled correctly.

■ Defendant claims the court erred in denying his oral request for an instruction on the meaning of previously chaste character. An ordinary intelligent juror would

understand that the phrase referred to a female who had never indulged in an act of sexual intercourse. Such was the evidence of record. In the circumstances it was not necessary that the phrase be defined. Consult State v. Gridley, Mo., 353 S.W.2d 705, 707[6], speaking to the word "accomplice."

Defendant asserts the court committed prejudicial error in not giving an instruction defining the word "felony"; and that the court's definition of the charge against defendant was prejudicial because it "did not include the word 'felony'" or "the words 'unlawfully and feloniously,'" or explain "what was meant by 'feloniously.'" Defendant's assertion that "unlawfully" is not used in the State's main instruction is refuted by the instruction, which required a finding, in part, that defendant "did unlawfully have carnal knowledge of" prosecutrix.

"'The word "feloniously" is but descriptive of the grade of the offense, and need not be used, or, if used, need not be explained, in an instruction.'" State v. Hillebrand, 285 Mo. 290, 225 S.W. 1006, 1007[1], quoting State v. Scott, 109 Mo. 226[5], 19 S.W. 89. Consult also State v. Carolla, 316 Mo. 213, 292 S.W. 721, 727[8]; State v. Rader, 262 Mo. 117, 171 S.W. 46, 50. Section 559.300 finds its origin in the English statute of 18 Eliz., c. 7. All the constitutive elements of the offense at common law are set out in the statute; and all the elements of the offense were fully submitted to the jury in the State's main instruction. In State v. Worden, 331 Mo. 566, 56 S.W.2d 595, 598[6], a rape case, we said: "Complaint is made of instruction 2 on the ground that it does not require the jury to find that the act of defendant was unlawfully and feloniously committed. It is not required that an instruction should find that the offense charged was committed feloniously, where the *acts* which the instruction does require the jury to find constitute a felony. [Citing authority.]" Consult also State v. Cottengim, Mo., 12 S.W.2d 53, 57[8]; State v. Hall, Mo., 7 S.W.2d 1001, 1005[9, 10]; State v. Baker, 264 Mo. 339, 175 S.W. 64, 68[6].

Defendant's contentions are not well taken.

During the argument of the case the prosecuting attorney remarked that perhaps he had not tried the case as well as it should have been tried, but "that a lawyer as good as Charles Shaw, had there been other evidence on his behalf, he would have produced that here." The prosecutor was arguing the strength of the State's case on the record made and we perceive of nothing in the statement that should shift the burden of proof from where the instructions of the court placed that burden—the objection interposed by defendant. We find no abuse of that discretion resting in a trial court in passing upon this argument of counsel to a jury. State v. Green, Mo., 292 S.W.2d 283, 288[10].

The prosecuting attorney also stated in argument that nature had found the prosecutrix guilty; that she was paying the penalty; and that the defendant, not the prosecutrix, was the one on trial; and: "If a Circuit Court jury does not take a stand against the things we believe are wrong in our society, that is just one more step in the wrong direction. If this jury does not convict this man, then they are saying 'oh' well, that is a thing that happens, we approve of this sort of thing, we will just let him go.'" Defendant objected, in that an acquittal would be saying that defendant did not commit the offense and would not be an approval of the crime. The court agreed with defendant's construction of a verdict of acquittal, but overruled the objection. Defendant's motion for new trial asserts the court committed error in failing to declare a mistrial and to discharge the jury; but we find no such requests of record. Granting a mistrial for intemperate oral argument rests largely within the discretion of the trial court. State v. Kelton, Mo., 299 S.W.2d 493[5]. The record indicates the prosecuting attorney was basing his remarks on his view that the evidence in the case established

defendant's guilt beyond all doubt, and in such circumstances it was proper for him to urge the jury to do its duty and to argue that an acquittal would be a reflection upon the jury under the evidence in the record. State v. McBride, Mo., 231 S.W. 592, 594[5]; State v. Smith, 313 Mo. 71, 281 S.W. 35, 40[17]; State v. Laster, 365 Mo. 1076, 293 S.W.2d 300, 306[7, 8]. Unsound arguments based upon facts of record have been considered not ground for reprimand or error. State v. Wright, 319 Mo. 46, 4 S.W.2d 456, 458[10]; State v. Murray, 316 Mo. 31, 292 S.W. 434, 437[11].

Our examination of the matters we inquire into of our own accord discloses and we find no reversible error of record.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.