236 S.W.2d 298 (1951)
STATE
v.
GREEN.
No. 42307.
Supreme Court of Missouri, Division No. 2.
February 12, 1951.
Clifford A. Falzone, Clayton, and George R. Wolf, St. Louis, for defendant.
*299 J. E. Taylor, Atty. Gen., Taylor L. Francisco, Asst. Atty. Gen., for the State.
BARRETT, Commissioner.
On November 10, 1934 deputies in the St. Louis County sheriff's office arrested Sherman Leslie Green. He was "suspected of robbery." He was released on November 14th, however, and rearrested on November 17th and, according' to the officers, confronted with the confession of an accomplice, likewise confessed to a series of robberies, including the armed robbery of Michael O'Shea, a streetcar operator, on October 22, 1934. He was charged in two counts with this and another robbery and waived preliminary hearing. He was unable to make the required $50,000 bond and was returned to the St. Louis County jail to await trial. On September 25, 1935 he "broke jail" and escaped. Thereafter he lived in Colorado, Arizona and Nevada under the assumed name of James L. Miller. In April 1947, upon a plea of guilty, the United States District Court of Nevada sentenced him to three years' imprisonment for violating the Selective Training and Service Act of 1940, as amended, 50 U.S. C.A.Appendix, § 301 et seq. Upon his release, after serving twenty-seven months' imprisonment on McNeil Island, he was returned to St. Louis County and in October 1949 was tried and convicted of the O'Shea robbery and sentenced to seven years' imprisonment. Upon this appeal his counsel make two principal assignments of error all, in effect, concerning the admission of evidence.
In the first place it is claimed that the court erred in permitting in evidence before the jury the fact that Green "broke jail" and escaped. The precise objection and point being that when a defendant is in jail under two or more separate and distinct charges and he breaks jail and escapes, evidence of the jail break and escape, which, ordinarily, tends to show consciousness of guilt, State v. Duncan, 336 Mo. 600, 80 S.W.2d 147, is inadmissible upon the trial of any one of the two or more charges. 22 C.J.S., Criminal Law, § 631, p. 966. The reason usually given for the exclusionary rule is that it is impossible to determine from which charge the defendant may have escaped and fled, he may have fled because conscious that he was guilty of the charge for which he was not on trial. State v. Crawford, 59 Utah 39, 45, 201 P. 1030. But in the circumstances of this record, by the defendant's own testimony, the reason for the exclusionary rule does not exist and there is, therefore, no occasion for its application to the trial of this case. In testifying in chief he admitted his escape and that he lived under an assumed name "Because I was a fugitive from St. Louis County." He said that in the year, from the preliminary to the escape, he was in jail "under this same charge of robbery," that for several months he was without counsel and could not make the $50,000 bond. To his own counsel he summarized his reasons for "leaving" the jail: "Because I didn't feel that I had any chance of ever getting out of that jail without doing penitentiary time. * * * Because of the beating I had taken, I didn't have any attorney for so long a time, I was taken up before a Judge ever so often and asked how I wanted to plead and I pleaded `Not Guilty' each time, that was repeated time and time again during that eleven months. That's the only reason I went, is because I knew I didn't have a chance to do anything else. I had a $50,000.00 bond on me, I couldn't possibly make that. I had a job to do at home anyway, I had a wife and three children and they were out there depending on their mother." In answer to the question, on cross-examination, "You didn't feel that the evidence in this case was so overwhelming that you had no chance of getting out?" he said, "I didn't see any chance of getting out" and that was the reason be left. To his own counsel he said that he did not know what evidence they had against him, but "I knew they had a lot of things" and "I knew that Bob West had signed a confession." Regardless of the number of charges against him, it is plain from this record that he "broke jail" and fled because of this charge of robbery and there is no reason or occasion for the application *300 of the exclusionary rule. State v. Nienaber, 347 Mo. 615, 148 S.W.2d 1024.
Several of the assignments of error concern the admission in evidence of his confession. It is urged first that the court erred in permitting one of the officers to testify to his oral admissions for the reason that his confession was reduced to writing and was the best evidence. 22 C.J. S., Criminal Law, § 833, p. 1457. However, the officer did not detail the contents of the confession or of any admission other than to state the conclusion that the defendant admitted participation in the robbery for which he was on trial as well as other robberies. On cross-examination of this witness defense counsel went over the entire subject in detail, including the written confession. Another officer, without objection on behalf of the defendant, likewise testified to the questioning of the defendant in the morning, that he orally admitted the offense and the fact that the confession was reduced to writing in the afternoon. Furthermore, when the written confession was offered there was no difference in it and the oral testimony except that the written confession was in greater detail. In these circumstances, and against the sole objection that the oral testimony was not the best evidence, it could not constitute such prejudicial error as to require a new trial. 24 C.J.S., Criminal Law, § 1915, p. 961; State v. Farrar, Mo.Sup., 285 S.W. 1000, 1003.
It is claimed that the written confession resulted from severe beatings at the hands of the officers and protracted, rigorous interrogation and was therefore involuntary and inadmissible against him. State v. Powell, 258 Mo. 239, 167 S.W. 559. The confession admitted a series of robberies in detail and it is urged that the court erred in admitting the written confession which tended to show that he was guilty of crimes other than the one for which he was on trial. State v. Spray, 174 Mo. 569, 74 S.W. 846.
The defendant testified that the confession was the result of beatings and prolonged interrogation. He attempted to develop by cross-examination of the state's witnesses that it was involuntary but it is a fair inference from all the state's evidence that the confession was voluntary. The defendant did not pursue the usual course and have the court determine, preliminarily, whether the confession was voluntary or involuntary. State v. Di Stefano, Mo.Sup., 152 S.W.2d 20. Nevertheless the court submitted the voluntariness of any admissions to the jury by an instruction to which there is no objection. State v. Hubbard, 351 Mo. 143, 171 S.W.2d 701. The written confession was first identified as an exhibit and throughout the trial the witnesses were examined and cross-examined regarding its contents as well as the circumstances under which it was taken. The exhibit itself was not formally offered in evidence until the close of the trial and at that time defense counsel said that there was no objection to the introduction of the exhibit except to the part of it that admitted and detailed other crimes.
In testifying, as has been noted, the defendant claimed that the confession was involuntary. He specifically denied that he had participated in the holdup of Mr. O'Shea. As a witness, of course, he was "liable to cross-examination, as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case; * * *." Mo.R.S. 1949, Sec. 546.260. In this connection it may be noted that it would have been proper to cross-examine or impeach him by showing prior convictions. Annotations 6 A.L.R. 1608; 103 A.L.R. 350 annotating State v. Jackson, 336 Mo. 1069, 83 S.W.2d 87, 103 A.L.R. 339; 161 A.L.R. 233. But the written confession did not detail or admit prior convictions or even arrests. It detailed six separate and distinct robberies in addition to the O'Shea robbery and the entire statement was read to the jury at the close of all the evidence. The state contends that the entire statement was admissible to test the defendant's credibility as a witness, that the defendant "opened up" the subject and therefore it was admissible in contradiction of his evidence in chief. The basis *301 of the state's claim is these questions and answers:
"Q. Sherman, have you ever held anybody up? A. No, sir, I have never hurt any man.
"Q. I will hand you what has been marked Plaintiff's Exhibit `C (the confession) and ask if you have ever seen that paper? A. It has my signature on it.
"Q. And on Page One and Two, are those your initials at the bottom? A. They look like it.
"Q. Again, have you ever seen that statement before, that paper before? A. I couldn't be positive of it, it has been too long ago; but I recall reading something like this.
"Q. Are the statements on that paper true or false? A. They are false.
"Q. Did you say such things, did you utter such statements to the law enforcement officials of St. Louis County? A. No, sir, I did not."
But he was neither examined nor cross-examined as to the six separate robberies, as we have said they were simply read to the jury at the close of all the evidence and his examination in chief was not sufficient to "open up" or permit proof of the independent offenses in this manner. On cross-examination the state developed from him that he had not recently read the entire statement and was not acquainted with all its contents. Evidence of other separate and distinct robberies, of which there has been no charge or conviction, is not admissible either for the purpose of impeaching the defendant as a witness or testing his credibility and it is difficult to conceive of anything more prejudicial than the detailed recitation of six independent robberies. State v. Spray, 174 Mo. 569, 74 S.W. 846, a robbery case; State v. Duff, 253 Mo. 415, 161 S.W. 683; State v. Banks, 258 Mo. 479, 167 S.W. 505; State v. Hillebrand, 285 Mo. 290, 225 S.W. 1006; State v. Cox, Mo.Sup., 263 S.W. 215; State v. Nicholson, 337 Mo. 998, 87 S.W.2d 425, a robbery case.
Because of the error the appellant is entitled to a new trial and the judgment is accordingly reversed and remanded.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court. All concur.