THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN J. YAZUM, Also Known as LARRY JAMISON, Appellant.

Third Department, May 7, 1963.

*Francis Warren Travers* for appellant.

*John T. Casey, District Attorney* (*Pierce H. Russell* of counsel), for respondent.

REYNOLDS, J. The sole issues raised on this appeal are whether evidence of an attempted escape prior to trial was properly admissible over appellant's objection, and whether reversible error was committed when a juror was allowed to leave the jury room and make a phone call to her foreman while the jury was deliberating and without permission of the court in derogation of section 421 of the Code of Criminal Procedure.

It is undisputed that on May 1, 1962 appellant attempted to escape from custody and was only apprehended after warning shots were fired. It seems clear that, if it was improper to admit testimony concerning the escape in evidence, such action constituted reversible error. A perusal of the record indicates that this attempted escape was built up as a major factor in the People's case and undoubtedly influenced the jury in its determination. Flight or escape, from Biblical times, has been held to be indicative of guilt (Proverbs, ch. 28, verse 1). The probative value of such action, however, has become substantially weakened. Fisch in her work on New York Evidence (§ 238) states:

"There is no clear standard which determines the precise weight or value to be accorded conduct evidencing a consciousness of guilt. Its weakness when not supported by other proof of a substantial character has been recognized, along with the fact that it operates only by way of lending strength to other more tangible evidence. It cannot serve as a substitute for other proof. Accordingly, absent other proof, evidence of fabrication or evasive conduct is insufficient to support a conviction.

"The strength of flight as a circumstance upon which consciousness of guilt may be grounded has also been attenuated. At one time the common law maxim *fatetur facinus qui fugit judicum* (he who flees from trial admits his misdeed) was of presumptive force. In fact, in early times it was so strongly indicative of guilt that in treason and felony cases flight carried with it the forfeiture of defendant's goods regardless of whether he was acquitted or found guilty. This inference has, however, decreased in vigor over the years and, under present law it is considered and weighed in connection with other proof with that caution and circumspection which its inconclusiveness when standing alone requires."

Prince in his 8th edition of Richardson on Evidence (§ 172) strikes a similar note as follows:

"The conduct of the accused indicative of a guilty mind is admissible against him on the theory that an inference of guilt may be drawn from consciousness of guilt. Such evidence is, of course, not conclusive but the jury may 'give it such weight as it deserves, depending upon the surrounding circumstances.'

\* \* \*

"Flight or concealment by the accused may also be shown as evidencing consciousness of guilt, but such evidence ordinarily is of 'slight value, and none whatever unless there are facts pointing to the motive which prompted it. . . .' *People* v. *Fiorentino,* 197 N. Y. 560, 567, 91 N. E. 195. See, also, *People* v. *Reddy,* 261 N. Y. 479, 185 N. E. 705, 87 A. L. R. 763.

"Of course, if the evidence is too remote or speculative to support an inference of guilty knowledge, or if the probative value of the evidence is slight and is clearly outweighed by the danger of undue prejudice, the evidence should be excluded. *People* v. *Feldman,* 299 N. Y. 153, 169, 85 N. E. (2d) 913; *People* v. *Feldman* (earlier trial), 296 N. Y. 127, 137, 71 N. E. (2d) 433."

Against this background appellant urges that evidence of the attempted escape was inadmissible because at the time of the attempt he was being held on the charges for which he stands here convicted and also on an Ohio detention warrant and thus

it is impossible to tell to which, if either, of the charges the inference of guilt should be attributed. Precedent on this issue is meager but what authority there is has denied admissibility. In *People* v. *McKeon* (64 Hun 504, 505–506), a case in which the appellant was held on a charge of rape and at the same time on a bench warrant issued on an indictment for another unspecified crime, the court stated as follows: " The people were permitted, under the objection of the defendant, to give evidence of an attempt on his part to escape from the jail where he was confined awaiting trial; while it was conceded by the district attorney that he was at the same time held on a bench warrant issued on an indictment charging him with another crime — what crime is not stated. We think it was error, under these circumstances, to admit the testimony objected to. Such evidence is not of a very direct or persuasive character, at the best. It has been held competent as tending to show consciousness of guilt. (*People* v. *Petmecky*, 2 N. Y. Crim. Rep., 451.) But where the defendant is held under two distinct charges how can the fact of an attempt to escape be said to raise any presumption of guilt of either of the crimes charged rather than of the other? It is plain that the motive to escape may have been furnished wholly by his fear of prosecution for the other crime with which he was charged, and thus the act proved have been entirely consistent with consciousness of innocence of the crime in question. Such being the case, the evidence was clearly incompetent, and yet it may have been decidedly prejudicial to the defendant.'' The same position has been taken by the Supreme Court of Missouri in *State* v. *Green* (236 S. W. 2d 298, 299 [Mo.]) and by the Supreme Court of Utah in *State* v. *Crawford* (59 Utah 39). (See, also, 22A C. J. S., Criminal Law, § 631.) Respondent attempts to distinguish *People* v. *McKeon* (*supra*). First it is argued that appellant was unaware of the Ohio warrant at the time of the attempted escape, but the record clearly reveals that on April 2, 1962, one month before the attempt, at an arraignment at which appellant was present, bail was expressly refused on the basis of the presence of the Ohio warrant. Nor do we find it significant that appellant had been brought to the courthouse in connection with the charge herein (cf. *State* v. *Green, supra*).

In our opinion the rule set out in *People* v. *McKeon* (*supra*) is consistent with the rule that the benefit of every reasonable doubt is resolved in favor of the accused. Further, it is consistent with contemporary thinking as to the probative value of such evidence and with the accepted rules as to the admissibility of circumstantial evidence in a criminal case (see, e.g.,

*People* v. *Woltering,* 275 N. Y. 51). Accordingly, we must find that admission into evidence of the attempted escape constituted reversible error.

In view of the determination we have reached as to the evidentiary question we do not reach the second ground advanced for reversal, but we are constrained to note our complete disapproval of the incident here complained of even though done in the utmost innocence.

The judgment should be reversed and a new trial ordered.

HERLIHY, J. (dissenting). I am in agreement with the majority that evidence of flight, standing alone, is some evidence of guilt, but ordinarily is of slight probative value and not a substitute for direct proof of the commission of the crime charged. It is simply some evidence of guilt. (*People* v. *Fiorentino,* 197 N. Y. 560, 567.)

The majority, however, are determining that the admission of such evidence in this case is reversible error because at the time of the attempted escape, there was on file a detention warrant from the State of Ohio which they contend may have been the reason for the flight rather than the crime for which he was tried. They rely upon *People* v. *McKeon* (64 Hun 504 [1892]). I disagree because I do not consider that case binding upon this court nor do I consider it an accurate expression of the present-day law. Such a rule compensates a defendant against whom there is some form of detainer on file.

The workable rule is to admit the evidence of flight as part of the People's case. The defendant thereafter has the opportunity of explaining why he took flight; for instance, in the present case, that it was not because of the crime for which he was being tried but rather because of the Ohio warrant. He could testify himself or offer other competent evidence. It would have been relatively simple for the defendant to have subpœnaed the Sheriff or other officer to testify as to the detainer. This is not changing the rule of evidence or casting a presumption of guilt on the defendant since we all agree that escape evidence alone is not sufficient to sustain a conviction.

While not analogous to the present situation, *People* v. *Stilwell* (244 N. Y. 196) is helpful in understanding the rule. The court seemed to imply that when the evidence of flight is introduced for the purpose of showing guilt of the crime charged, the defendant is then called upon to explain the reason for the flight, if he so chooses. The question then is the weight the jury gives to this testimony. (See, also, *People* v. *Leyra,* 1 N Y 2d 199, 208, 209, 210.)

To exclude the evidence in the first instance, there should be a complete absence of any connection with the crime charged since such evidence alone raises no presumption of guilt. But here, there was other positive proof of the defendant's participation in the commission of the crime.

In *Ryan* v. *People* (79 N. Y. 593) the court said at page 601: " The evidence that the defendant made an effort to keep out of the way of the sheriff was very slight, if any evidence of guilt. There are so many reasons for such conduct, consistent with innocence, that it scarcely comes up to the standard of evidence tending to establish guilt, but this and similar evidence has been allowed upon the theory that the jury will give it such weight as it deserves, depending upon the surrounding circumstances. It was not error to admit it."

The fact that the defendant elected not to offer an explanation should not control and be the grounds for reversal.

It should also be noted that there was no objection to the court's charge nor any exception by the defendant to the request to charge as to " flight ".

The defendant further contends that the conviction should be reversed on the grounds that a juror was allowed to leave the jury room to answer a personal telephone call. Such a practice is abhorred and certainly not in the best tradition of the criminal law. However, there is no claim made of improper motives or prejudice to the defendant and the error does not justify the granting of a new trial.

Accordingly, I vote to affirm the judgment of conviction.

Coon, J. P., Gibson and Taylor, JJ., concur with Reynolds, J.; Herlihy, J., dissents, in an opinion and votes to affirm.

Judgment reversed on the law and the facts and a new trial ordered.