**STATE of Missouri, Respondent,**

**v.**

**Lonnie SANDERS, Appellant.**

**No. 56187.**

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

HENLEY, Judge.

Lonnie Sanders (hereinafter defendant) appeals from a judgment sentencing him to imprisonment for a term of fifteen years upon his conviction by a jury of first degree robbery with a dangerous and deadly weapon.

The evidence supports a finding by the jury that on the afternoon of September 18, 1969, at about 3:45 o'clock defendant (armed with a revolver) and another man entered the Westgate Hotel in the City of St. Louis, walked up to the registration desk, pointed the revolver at the desk clerk, Howard Hall, said " * * * [W]here is the money? Holdup * * *", and, being directed to the cash register, defendant took therefrom approximately $34.00, property of the owner of the hotel. With this act completed within a very few minutes, defendant and his companion left.

The only point briefed by defendant is that "[t]he trial Court erred in permitting the prosecution to introduce evidence of appellant's flight from jail subsequent to his arrest to prove appellant's guilt to the charge in this case by reason that appellant at the time of his flight was likewise under a federal detainer as well as this charge, which rendered such evidence inadmissible."

As we understand defendant's contention, it is that he was in custody on two charges, i. e., this robbery and a federal charge of possession of property stolen from an interstate shipment, and that evidence of his escape, which ordinarily is admissible as tending to show consciousness of guilt,[1] is inadmissible in this case, because, he says, the reason for his escape is that he was worried about the federal charge. In support of his contention, he cites State v. Green, Mo., 236 S.W.2d 298; State v. Crawford, 59 Utah 39, 201 P. 1030; 22A C.J.S. Criminal Law § 631, p. 480. In State v. Green, supra, we recognized the general rule that " * * * when a defendant is in jail under two or more separate and distinct charges and he breaks jail and escapes, evidence of the jail break

---

1. State v. Phillips, Mo., 299 S.W.2d 431, 438 [16, 17]; State v. Duncan, 336 Mo. 600, 80 S.W.2d 147, 153 [13];

22A C.J.S. Criminal Law § 625, p. 460, et seq.

and escape * * * is inadmissible upon the trial of any one of the two or more charges. * * * The reason usually given for the exclusionary rule is that it is impossible to determine from which charge the defendant may have escaped and fled, he may have fled because conscious that he was guilty of the charge for which he was not on trial." 236 S.W.2d at 299 [1].

The state's evidence of which he complains came in as a part of the direct examination of the state's witness, Police Sergeant William Hrdlicka. The officer was in charge of the Prisoner Processing Department on October 23, 1969. He testified, in part, as follows:

"Q  When you arrived on the morning of the 23rd, were you advised that Lonnie Sanders was one of your prisoners?

"A  Yes, he was there the morning of the 23rd.

"Q  And did he remain in your custody during the day?

"A  Not entirely.

"Q  When did he leave?

"MR. REARDON: Just a minute. I want to object to that. It would be hearsay, your Honor.

"THE COURT: Overruled.

"Q  When did he leave, Officer?

"A  About 9:30 in the morning of the 23rd.

"Q  And how did he leave?

"A  At the time I was on the desk and there was another prisoner by the name of Ollie Thompson. We got release by teletype from the district the warrant was refused and the turnkey went to the cell to get Ollie Thompson.

"Q  The turnkey returned with the man?

"A  Brought him to the desk.

"Q  Did the man identify himself to you?

"A  As Ollie Thompson.

"Q  Did he tell you that was his name?

"A  Yes, sir. Date of birth, place of residence and I verified the information he gave me with the arrest register and I cut the wristband from his wrist and checked with the register number and the name of Ollie Thompson.

"Q  This is one of the plastic hospital-type—

"A  Yes.

"Q  And the man was released, is that correct?

"A  Yes, sir.

"Q  Did you subsequently go up to the cell to see if Lonnie Sanders was still there?

"A  Later in the day, at about 12:30 or thereabouts, the warrant information was received on Lonnie Sanders a warrant had been issued.

"MR. REARDON: Just a minute. That's hearsay, your Honor. I object to it.

"THE COURT: Sustained.

"Q  You received some information that caused you to go to check on him?

"A  Yes, .sir. The officer that presented the case to the Circuit Attorney's office brought the information that the warrant was issued.

"Q  And you went and checked on Sanders?

"A  And then the—

"Q You went—that's the question—did you go then and check on Sanders?

"A Yes, sir.

"Q Was he there at that time?

"A No, sir.

"Q How about Ollie Thompson, was he still there?

"A Yes, sir.

"Q So that Thompson remained and Lonnie Sanders left, is that correct?

"A Yes, sir."

On direct examination of defendant he confirmed Officer Hrdlicka's above description of the escape. He testified, in part, as follows:

"Q Now, after the arrest, were you taken down to Twelfth and Clark, down here to the main police station?

"A No, sir.

"Q Well, you were taken to the Eighth District, Deer and Easton, isn't that right?

"A Yes, sir.

"Q Were you then taken down to the main police station, the prisoner processing unit?

"A Yes, sir.

"Q Did you leave there as was described by Sergeant Hrdlicka today?

"A Yes, sir."

■ The point presented in defendant's brief, that evidence of his escape was inadmissible because he was in custody on two charges, is not preserved for review

for the reasons: (1) there was no objection to the evidence made at the trial on the ground now asserted; and (2) the assignment of error in the motion for new trial states no reason why it is claimed the admission of this evidence was error. For the point relied upon to be preserved for review there should have been a specific objection to the evidence at the time it was offered calling the court's attention directly to the ground now asserted,[2] and that ground or reason should have been carried forward and set forth in detail and with particularity as an assignment of error in the motion for new trial.[3] The only ground stated for the one objection defendant made to the admissibility of this evidence was that "[i]t would be hearsay * * *." That objection is a far cry from the reason or ground upon which defendant now relies. If defendant had intended to rely on this ground he should have included it in his objection so that the court would be informed of the full extent of his reasons for excluding the evidence. The court is entitled to be informed fully and specifically of the reasons for the exclusion of evidence so that it may rule intelligently and fairly. Defendant will not now be heard to assert that the court erred for reasons different from that stated in the trial court. To hold otherwise would be to abandon a long-standing, time-tried and necessary rule of procedure.

The assignment of error in the motion for new trial relative to this point states only the bare conclusion that the court erred in admitting this evidence; it states no reason why it is error. Again, the motion should have stated the reason so that the error, if error there were, could be corrected at the trial level. The motion is insufficient to present any point for review. Rule 27.20(a), V.A.M.R.; State v. Brewer, Mo., 325 S.W.2d 16.

■ Furthermore, reversible error cannot be predicated upon the admission of

2. State v. Smith, Mo., 261 S.W.2d 50, 57 [10]; State v. Brookshire, Mo., 353 S.W.2d 681.

3. State v. Lord, Mo., 286 S.W.2d 737.

evidence which defendant later confirmed by his own testimony. See Frohman v. United States (8th Cir.), 380 F.2d 832, cert. den. 389 U.S. 976, 88 S.Ct. 478, 19 L.Ed.2d 469; Smith v. Commonwealth, 283 Ky. 492, 141 S.W.2d 881.

The judgment is affirmed.

All of the Judges concur.