STATE of Missouri, Respondent,

v.

Charles Louis SPENCER, Appellant.

No. 56813.

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant; John J. Cosgrove, Kansas City, of counsel.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from judgment of conviction and seven-year sentence, imposed by court when jury which found Charles Louis Spencer guilty of robbery in the first degree were unable to agree upon punishment.

At around 11:00 P.M., September 26, 1970, Jerry Brooks and Betty Ann Nienest were walking on Campbell Street in Kansas City. They met three Negroes. One produced a gun and told Brooks and Miss Nienest to be quiet. The robbers searched them and took a Timex watch, a billfold with money and identification and pocket change from Brooks. A purse was taken from Miss Nienest, containing, among other things, a Hong Kong $10 bill.

On October 6, 1970, a Kansas City police officer arrested appellant Charles Louis Spencer. He was wearing a Timex wrist watch when arrested and had a Hong Kong $10 bill and a money order for $85 from a Charles Banks to Jerry Brooks. Brooks and Miss Nienest identified Spencer at a lineup as one of the robbers. He was charged and tried for the robbery of Brooks and taking the Timex watch. Brooks and Miss Nienest identified Spencer at the trial.

Spencer testified in his own behalf and denied any part in the robbery. His testimony that he was at his mother's playing cards at the time of the robbery was corroborated by his mother, stepfather and a neighbor.

On this appeal, the first assignment of error is based upon the trial court's failure to grant a mistrial because of a statement made by the arresting officer in the course of his testimony at the trial. The officer was asked whether he found anything on appellant when he arrested him. The officer replied: "Yes, sir. I found a watch. He was wearing a watch, later found to be taken, had been taken in a robbery."

Defense counsel objected, stating: "It's hearsay and made by the officer with the hopes to prejudice the jury * * *." The trial court agreed that the remark was hearsay and nonresponsive and instructed the jury to disregard it but denied the motion for mistrial.

In this court, the trial court's ruling is attacked on the grounds that the statement was prejudicial because the officer stated that the watch was found to have been taken in a robbery and did not specify the robbery as that for which appellant was on trial, thereby inferring that appellant had been involved in other robberies.

 That was not the ground of objection in the trial court and the attempted shift of grounds of objection would justify the court's refusal to consider the attack. State v. Sanders, Mo.Sup., 473 S.W.2d 700, 703 [1]; State v. Stevens, Mo.Sup., 467 S.W.2d 10, 18 [4]. However, the complaint here voiced is without merit. Brooks identified the watch which the officer said he took from defendant as his watch, thereby eliminating any hint of another offense.

In the cross-examination of appellant, the prosecutor asked him about the money order payable to Brooks. Appellant admitted that he had the money order in his billfold, but said he had found it and the $10 Hong Kong bill in the street a few days before his arrest. The prosecutor asked:

"Mr. Spencer, isn't it true that you were going to use the identification taken from Jerry Brooks to cash this money order and get that money for yourself?"

Appellant's counsel objected as follows:

"Judge, there is no evidence to that effect. It was made clearly no evidence that

it was a stolen money order and the money order wasn't even shown to Jerry Brooks. If you recall the testimony and I'm sure you made good notes. Now for him to get up and make the bald-faced statement, 'isn't it true you were going to use this identification to cash—' is prejudicial error and I must move for a mistrial."

The objection was overruled and upon the repetition of the question the defendant answered in the negative.

 In this court, appellant argues that the trial court's ruling was erroneous because the question was "an implied accusation of an intention to commit the crime of obtaining money under false pretenses and forgery." The objection lodged at the trial was not on that basis. As above set out, the objection at trial was based upon the lack of evidence that the money order was stolen. The objection now urged was not made at the trial court and will not be considered. State v. Sanders, State v. Stevens, supra.

In any event, the question was legitimate cross-examination to connect appellant with the possession of Brooks' identification material taken in the robbery. No separate crime of forgery or obtaining money under false pretenses was shown and cases on that issue are not relevant.

Appellant attacks the principal instruction given in the case because it failed to require a finding of the means by which the victim was put in fear, requiring the jury to find only that the property of Brooks was taken "against his will by causing him to fear immediate injury to his person, * * *." The information did charge robbery in the first degree with a dangerous and deadly weapon, but the state was not required to submit on such charge, inasmuch as the information was sufficient to support a charge of first degree robbery, without reference to the use of a deadly weapon. State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75, 77 [2]; State v.

James, Mo.Sup., 347 S.W.2d 211, 214 [5]. The instruction adequately submitted the essential element of putting in fear and the method by which this was accomplished was not required to be found. See State v. Mares, Mo.Sup., 486 S.W.2d 215, decided this date by Division Number Two of this Court.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.