STATE of Missouri, Plaintiff-Respondent,

v.

Joseph Lee TWIGGS,
Defendant-Appellant.

No. 37371.

Missouri Court of Appeals,
St. Louis District.

May 31, 1977.

Richard E. Snider, Cape Girardeau, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, A. J. Seier, Pros. Atty., Cape Girardeau, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction for rape of a twelve year old girl and his sentence of 75 years therefor.

No question is raised concerning the sufficiency of the evidence, except as to venue. The evidence overwhelmingly proved that defendant, 37 years old, forcibly abducted and raped twice the twelve year old victim, then abandoned her in an isolated area. Defendant raises three claims of error: (1) the verdict-directing instructions were repetitious and conflicting, (2) venue was not proved, (3) the punishment provisions of Sec. 559.260 are an unconstitutional delegation of legislative power because no maximum penalty is fixed.

■ Point 3, if properly preserved, would require transfer to the Supreme Court. We do not find it to have been properly preserved. The motion for new trial complained only that the punishment imposed combined with the age of defendant was greater than a life sentence which defendant contended to be the maximum punishment. Failure to present a point raised on appeal in the motion for new trial prevents the point from being properly preserved for appellate review. *State v. Brewer*, 338 S.W.2d 863 (Mo.1960); *State v. Spencer*, 486 S.W.2d 433 (Mo.1972). Constitutional error must be preserved from the earliest opportunity. *State v. Graham*, 527 S.W.2d 936 (Mo.App.1975). Defendant's point 3 has not been preserved for review, as it was not raised in the motion for new trial.

■ We find defendant's venue point to be without merit. Venue is not an integral part of the offense and need not be proven beyond a reasonable doubt, but may be inferred from all the evidence. *State v. Garrett*, 416 S.W.2d 116 (Mo.1967). While the precise location of the rape was not established, the victim testified it occurred within two or three blocks of the house to which she fled after the episode. That house was on North Rand in the City of Cape Girardeau. We take judicial notice that the City of Cape Girardeau is located in the southern portion of the County of Cape Girardeau. We think it reasonable to infer that North Rand is in the northern part of the city and that any location within two or three blocks of that house would still be within the boundaries of Cape Girardeau County, where defendant was tried.

■ We turn to defendant's challenge to the instructions. Defendant pleaded not guilty and not guilty by reason of mental disease or defect. These are not inconsistent defenses and defendant may rely on both. *State v. Valentine*, 506 S.W.2d 406 (Mo.1974). We set out in an appendix the instructions given by the Court related to defendant's point.

Basically defendant contends that Instruction 9 is repetitious, that both Instructions 5 and 9 cover the entire case but each fails to cover one of defendant's defenses.

The instructions given are all MAI–CR. Number 5 is 2.04 and 6.42; Number 6 is 3.06; Number 7 is 3.70; Number 8 is 2.32; Number 9 is 6.42 and 2.30; and Number 10 is 2.33. Confusion on how the jury is to be instructed in this type of case, occurs because of the Notes on Use found under MAI–CR. 2.30. In paragraph 2 of those notes it is stated "Where 'mental disease or defect excluding responsibility' is relied upon as a *complete* defense . . . ." (emphasis added) and then sets forth certain rules to be followed. One of those rules is that "*None* of the state's verdict directing instructions should include the general converse reading, 'However, if you do not find and believe etc.' *Omit that paragraph*." (Emphasis in the original.) MAI–CR. 2.30 specifically stated in bold face type "Do not include a general converse." The confusion occurs in the meaning of the word "complete" in the Notes on Use. It could mean "only" in which case the Notes on Use would not apply to the defendant's case. It could mean "complete" as contrasted to "diminishing the seriousness of the offense," in which case the Notes would presumably apply in this case. It is apparent the Court interpreted the Notes to apply where mental disease was the only defense.

■ We do not find it necessary, however, to resolve the question of whether the Notes on Use were followed in this case. Rather we conclude that when the instruc-

tions are read as a whole they could not have misled or confused the jury. Instructions 5 and 6 covered defendant's plea that he did not commit the offense and utilized the proper instructions (with one minor and here unchallenged deviation) for that aspect of the case. Instructions 7, 8, 9 and 10 covered the defense of mental disease or defect and utilized the proper instructions for that defense. The law was properly stated and the jury was required to find the facts necessary to negate each defense. The jury was required to consider each defense before it could arrive at its verdict of guilty. While the instructions were somewhat repetitive we find no prejudice for that reason. We find no error prejudicial to defendant. *State v. Valentine*, 506 S.W.2d 406 (Mo.1974); *State v. Williams*, 515 S.W.2d 463 (Mo.1974).

Judgment affirmed.

McMILLIAN, P. J., and STEWART, J., concurs.

### APPENDIX

### "INSTRUCTION NO. 5

If you find and believe from the evidence beyond a reasonable doubt:

FIRST, that on or about the 6th day of December, in the County of Cape Girardeau, State of Missouri, the Defendant inserted his sexual organ (to any extent) into the sexual organ of Desiree Filer, and,

SECOND, that at that time Desiree Filer was less than Sixteen years of age,

then you will find the Defendant guilty of Rape.

However, if you do not find and believe from the evidence beyond a reasonable doubt any one of the foregoing, you must find the Defendant not guilty of that offense."

### "INSTRUCTION NO. 6

If you do not find and believe from the evidence beyond a reasonable doubt any one of the following:

FIRST, that in the County of Cape Girardeau, State of Missouri;

SECOND, that on or about the 6th day of December, 1974, the Defendant inserted his sexual organ (to any extent) into the sexual organ of Desiree Filer;

THIRD, that at said time and place Desiree Filer was less than Sixteen years of age,

then you must find the Defendant not guilty."

### "INSTRUCTION NO. 7

The Defendant has denied that he is guilty of the offense charged against him. The Defendant has also asserted that even if you find and believe from the evidence beyond a reasonable doubt that he committed the conduct charged against him, he is entitled to a verdict of "not guilty by reason of a mental disease or defect excluding responsibility" because he had such a mental disease or defect at the time of the conduct with which he is charged.

The Defendant is presumed to have been free of such a mental disease or defect at the time of the conduct charged against him. This presumption places upon the Defendant the burden of proving by the greater weight of the credible evidence that he is not guilty by reason of such mental disease or defect."

### "INSTRUCTION NO. 8

The phrase 'mental disease or defect,' as used in these instructions, means any mental abnormality regardless of its medical label, origin or source except alcoholism without psychosis.

In determining under other instructions given to you, whether the Defendant had a mental disease or defect at the time of the commission of the offense charged against him and, if so, the extent and effect of it, the jury may take into consideration all of the facts, circumstances and opinions given in evidence. However, it is for the jury alone to decide this issue under the law as given to you in these instructions."

"INSTRUCTION NO. 9

If you find and believe from the evidence beyond a reasonable doubt:

First, that on December 6, 1974, in the County of Cape Girardeau, State of Missouri, the Defendant inserted his sexual organ to any extent into the sexual organ of Desiree Filer; and

Second, that at the time Desiree Filer was less than sixteen (16) years of age,

then you will find the Defendant guilty of Rape, unless you find and believe from the greater weight of the evidence that the Defendant is not guilty by reason of a mental disease or defect excluding responsibility as submitted in Instruction No. 10."

"INSTRUCTION NO. 10

If you find and believe from the evidence beyond a reasonable doubt that Defendant committed the conduct charged against him, you will then decide whether or not at that time he had a mental disease or defect excluding responsibility.

If you find and believe by the greater weight of the credible evidence:

First, that at the time of the conduct charged against the Defendant he had a mental disease or defect, and

Second, that as a result of it he did not know or appreciate the nature, quality or wrongfulness of his conduct, or that if he did, he was incapable of conforming his conduct to the requirements of law,

then you must find the Defendant not guilty by reason of mental disease or defect excluding responsibility."