**STATE of Missouri, Respondent,**

v.

**Melvin CANNADY, Appellant.**

No. 44767.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Nick A. Zotos, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of stealing over $150.00, § 570.030, RSMo.1978, and felonious restraint, § 565.120, RSMo.1978, and sentenced to consecutive terms of five and two years imprisonment respectively. The defendant was also charged with rape, but the court declared a mistrial when the jury was unable to reach a verdict on that charge.

On appeal defendant contends that the trial court erred on two occasions by improperly admitting evidence prejudicial to the defendant. We find these issues against the defendant and affirm the conviction.

The facts adduced by the state at trial tended to show that the defendant abducted the victim at gunpoint as she approached

her car in a parking lot outside a shopping market. Upon the defendant's demand the victim gave to him all her money and some foodstamps. After the defendant forced the victim into her car, two other men, Robert Mays and Darren Sledge, joined the defendant and together with the victim they drove to another lot. The victim testified that the defendant raped her while the other two men waited outside the car.

A witness, who lived next to the lot, became suspicious when she saw the victim's car and the men standing around it on the lot and she called the police. When the police arrived, the defendant's two accomplices warned the defendant and then fled; they were caught shortly afterwards. The defendant told the victim to tell the police that she was with him or otherwise he would kill her. A police officer asked the defendant and the victim to get out of the car. The defendant told the officer that they had just been robbed by the two men who had fled. The officer asked the victim if she was alright and she simply replied that she was with the defendant.

The officer drove the victim and defendant to the police station to get a statement. When the two were separated the victim explained what had occurred and the defendant was arrested. Later the defendant signed a confession stating that he had robbed and raped the victim.

The state introduced into evidence the contents of a lab rape kit which included physical evidence taken from the victim by a physician the evening of the alleged rape. A police officer picked up the kit at the hospital shortly after the victim's examination, but the officer could not recall who gave the kit to him and the kit had no identification markings on it when the officer received it.

■ Defendant argues that the failure of the state to adequately link the lab kit received by the officer with the lab kit prepared by the examining physician amounts to a break in the chain of custody of the kit. Consequently, defendant contends that the state failed to lay a proper foundation for the admittance of the kit into evidence. Defendant claims that this improperly admitted evidence undoubtedly had some effect upon the deliberations of the jury and thus prejudiced his case.

Errors in the admission of evidence are only reversible if they were prejudicial to the defendant. *State v. Teal,* 624 S.W.2d 122, 125 (Mo.App.1981). The disputed evidence was related only to the rape charge. Since the defendant was not convicted of that charge, he could not have been prejudiced by the admission of the lab rape kit into evidence. *See State v. Knicker,* 366 S.W.2d 400, 403 (Mo.1963); *State v. Wright,* 558 S.W.2d 321, 322 (Mo.App.1977). Because defendant could not have been prejudiced by the admission of this evidence, it is not necessary for us to decide whether a proper chain of custody was established.

■ In defendant's last point, he complains the trial court erred in allowing the witness who called the police to testify that she identified one of defendant's accomplices in a lineup. We find no merit to this point.

Defendant testified that Mays and Sledge, whom he stated were casual acquaintances, committed the offense and he was merely an innocent bystander. While the witness did not know the name of the man she identified at the lineup, the inference is clear that she identified either Mays or Sledge. Her testimony on this point was, therefore, consistent with defendant's theory of innocence. Defendant was not prejudiced by the admission of evidence which he later confirmed in his own testimony. *State v. Sanders,* 473 S.W.2d 700 (Mo.1971).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.